503 So.2d 1384 (1987)
M.S.S., a Minor, by His Guardian Ad Litem and Next Friend, Bruce B. BLACKWELL, Esq., Petitioners,
v.
Robert J. DeMAIO, M.D., et al., Respondents.
No. 86-2039.
District Court of Appeal of Florida, Fifth District.
March 19, 1987.
*1385 Delia A. Doyle, Daytona Beach, and Dan H. Honeywell of Wooten, Honeywell & Kest, P.A., Orlando, for petitioners.
Kenneth R. Segal of Taraska, Grower & Unger, P.A., Orlando, for respondents Robert J. DeMaio, M.D., John D. Guarneri, M.D., and Robert J. DeMaio, M.D., P.A.
R. Barry Morgan of Adams, Hill, Fulford & Morgan, Orlando, for respondent Winter Park Memorial Hosp.
COBB, Judge.
Petitioner, a minor plaintiff in a medical malpractice action, seeks certiorari review of an order directing his parents to answer deposition questions or risk dismissal of the plaintiff's complaint.[1] Christine Shelton, the mother of petitioner, filed the medical malpractice action as the plaintiff's "next friend." The complaint sought damages for the minor plaintiff's prenatal and neonatal neurological injuries allegedly caused by the doctors' and hospital's negligent diagnosis and treatment.[2] The complaint was later amended to substitute a guardian ad litem in the place of the mother as the next friend of the minor plaintiff. The mother's hospital records and conversations with medical personnel indicate that during her pregnancy she ingested cocaine and smoked marijuana. Upon learning that the mother had taken drugs during her pregnancy, the defendants took the depositions of the mother and father and posed questions regarding their residence during the mother's pregnancy and the frequency of the mother's drug usage. The mother and father refused to answer the questions on fifth amendment grounds, *1386 claiming that their answers could be incriminating. The defendants filed a motion to compel answers to the certified questions and a motion to dismiss the plaintiff's complaint. After a hearing on the motions, the trial court ordered that the mother and father answer the certified deposition questions regarding their residence and the mother's drug usage prior to and during her pregnancy. The court also ordered that the plaintiff's complaint would be dismissed if the mother and father did not answer the certified questions.
Petitioner notes that the mother has been removed as the next friend in the action, and the parents have not filed a claim for any damages they may have sustained as a result of the petitioner's injuries. Petitioner asserts that dismissal is only a proper sanction when a party refuses to testify. Petitioner maintains that the mother and father are not parties to the action, but merely witnesses; therefore, the trial court departed from the essential requirements of law in ordering that the complaint would be dismissed if the mother and father refused to answer the certified questions.
The petitioner also argues that the trial court departed from the essential requirements of law by not requiring the defendants to demonstrate how the information sought concerning the mother's drug usage during her pregnancy is relevant and reasonably calculated to lead to admissible evidence in the pending litigation.
The respondents contend that the fifth amendment privilege is not applicable to the mother and father in this case, and also argue that dismissal of the complaint would be a proper sanction since the parents have an interest in the progress and outcome of the malpractice action.
Evidence relating to the mother's drug usage during pregnancy clearly is relevant to issues concerning the proximate cause of the prenatal neurological injuries alleged in the plaintiff's complaint. The minor plaintiff alleges that the defendants injured him, or in the alternative, the defendants aggravated pre-existing conditions or caused additional injuries to be incurred. The plaintiff's disability attributable to the defendants' negligence would be related to the degree the plaintiff's injuries are attributable to the mother's drug usage.
The constitutional privilege against self-incrimination extends to a party or witness in civil litigation, not only during trial but also in pretrial discovery proceedings. See McCormick on Evidence, § 135 (1984 ed.). The trial court has the ultimate responsibility to determine whether a witness's refusal to answer a question is in fact justifiable under the privilege against self-incrimination. See Lorenzo v. Blackburn, 74 So.2d 289 (Fla. 1954); Albert v. Salce, 439 So.2d 339 (Fla. 3d DCA 1983). If a self-incriminating response is not clear from the face of the question, a witness may be required to provide sufficient information on which a trial court may find that a reasonable danger of incrimination exists. McCormick at § 139.
The privilege against self-incrimination claimed by the father is particularly tenuous. The certified questions directed to the father do not seek to discover his own drug usage, only his knowledge of the mother's drug usage. Thus, the self-incrimination privilege would only be applicable if the trial court found that the father's answers implicated him as well.
The questions directed to the mother about her drug usage appear to call for incriminatory responses. However, as the respondents point out, criminal prosecution would likely be barred by the statute of limitations, due to the lapse of time (approximately six years) between the mother's drug usage while pregnant and the deposition. See, e.g., § 775.15(2)(a), Fla. Stat. (1985) (four-year limitation period for first-degree felony). Therefore, the possibility that the mother's responses might lead to a criminal prosecution is not readily apparent, and in order to claim the privilege here, the mother must supply the trial court with information showing the reasonableness of her fear of prosecution.
*1387 The trial court's order was based on the principle that a plaintiff cannot bring an action and then refuse to testify about relevant matters by claiming the privilege against self-incrimination. See Stockham v. Stockham, 168 So.2d 320 (Fla. 1964); City of St. Petersburg v. Houghton, 362 So.2d 681 (Fla. 2d DCA 1978); Annot., 4 A.L.R.3d 545 (1965). In this case, however, the parents are not plaintiffs in the medical malpractice action. It is true the mother was initially the next friend who brought the action on behalf of the minor plaintiff; however, the Florida Supreme Court has held that a next friend is an officer of the court and not a party to an action. See Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956).
Florida Rule of Civil Procedure 1.380(b)(2) provides for dismissal of an action when a party fails to obey an order to provide or permit discovery. Although the parents in the instant case may benefit from a judgment in favor of the minor plaintiff, they are not parties to the action as contemplated by Rule 1.380(b)(2).
In the instant case, the claimed privilege against self-incrimination is, at best, weak. If the self-incrimination privilege does not apply, the parents, like other nonparty deponents, may be ordered to answer certified questions and be held in contempt if they refuse to comply. See Florida Rule of Civil Procedure 1.380(b)(1). Under our interpretation of Florida Rule of Civil Procedure 1.380, the trial court departed from the essential requirements of law in threatening dismissal as a sanction if the parents refused to answer the certified questions. If the privilege against self-incrimination does not apply, the parents can be directed to answer the certified questions and held in contempt for their refusal to do so, but the action brought on behalf of the minor plaintiff should not be dismissed.
The trial court's order is quashed and the cause remanded for reconsideration by the trial court in accordance with the principles set forth hereinabove.
PETITION GRANTED; WRIT ISSUED; ORDER QUASHED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] The issues raised in this petition are properly considered in a certiorari proceeding, as the order under review in effect compels discovery. See City of Orlando v. Desjardins, 469 So.2d 831 (Fla. 5th DCA 1985), quashed on other grounds, 493 So.2d 1027 (Fla. 1986), (certiorari is appropriate for review of order compelling discovery of material claimed to be exempt from discovery).
[2] An attorney for the defendants stated at a hearing that the minor plaintiff has or had a subdural hematoma.