PER CURIAM.
This is a petition for certiorari filed by the State of Florida, Department of Insurance. For the reasons which follow, we grant the writ and remand with directions. The Department had issued an administrative complaint against Schuler seeking revocation of his two insurance agent licenses. Schuler requested a formal hearing and filed an amended answer raising four affirmative defenses. Schuler also made a discovery demand for production, inspection, and copying to which the Department promptly responded. The Department sought discovery of Schuler’s business records. Schuler objected to the Department’s discovery request on the grounds of both federal and Florida constitutional privileges against self-incrimination. The Department filed a motion to compel inspection, arguing that some of the business records were “required records,” and, therefore, not susceptible to a constitutional privilege. The Department also argued that it was necessary for the hearing officer to first conduct an in camera examination of the other business records in order to determine if any constitutional privilege obtained. In response to the Department’s motion to compel, Schu-ler specifically alleged that his privilege against self-incrimination applied since there was “a possibility of a criminal prosecution as the statute of limitations for first degree felonies in the State of Florida is four years.” The hearing officer granted the Department’s motion to compel production only in reference to Schuler’s business records which fell within the “required records” exception. However, the hearing officer failed to inspect Schuler’s remaining business records in camera and simply denied the Department access.
We agree with the Department that the hearing officer departed from the essential requirements of law in denying the Department’s discovery request without first inspecting the requested documents in camera. Schuler’s mere conclu-sory assertion that his constitutional privileges against self-incrimination are implicated is insufficient to discharge his burden of demonstrating that there exists a reasonable or realistic possibility that production of his remaining business records will lead to criminal prosecution. See M.S.S. v. DeMaio, 503 So.2d 1384 (Fla. 5th DCA 1987) (mere invocation of self-incrimination privilege insufficient to support claim in absence of information showing reasonableness of fear of prosecution); Ehrhardt, Florida Evidence § 501.1 (2d ed. 1984) (“The burden is on the party asserting a privilege to establish the existence of each element of the privilege in question.”).
We quash the order of the hearing officer denying the Department’s discovery request. This cause is remanded to the hearing officer with directions to conduct an in camera inspection of the remainder of Schuler’s business records.
Petition granted; writ issued; order quashed.