DANIEL, Judge.
Ruth Brinkerhoff appeals a summary final judgment in favor of real estate brokers O.B. Linkous and O.B. Linkous, Inc., in an action for breach of contract. We reverse.
The record reflects that in 1981, Mrs. Brinkerhoff purchased a motel in Daytona Beach. The contract for sale and purchase contained a special clause stating that the contract was contingent upon the building meeting all city codes.
In 1984, Mrs. Brinkerhoff filed suit against the sellers and broker for damages, essentially alleging that the motel did not *1319 conform to the city codes as required by the contract. During discovery, Mrs. Brinkerhoff represented that she did not have personal knowledge of specific code violations and would defer to an expert in this matter. Mrs. Brinkerhoff later obtained the services of a building inspector who testified to various code violations but he was not qualified to testify to the costs of repairs for those code violations. Mrs. Brinkerhoff, however, submitted a list of her expenditures for corrective measures taken or required to be taken with regard to the motel.
The case was scheduled for trial and continued on several occasions. On July 29, 1986, the trial court entered an order granting a stipulated motion for continuance and rescheduled the trial for the week of November 3, 1986. The order provided that Mrs. Brinkerhoff would have until August 30, 1986, to obtain an expert witness regarding damages and to have an expert report regarding such damages prepared and forwarded to counsel for the defendants. It was further ordered that such witness be available for deposition by the defendants on or before September 15, 1986. The court stated that if Mrs. Brink-erhoff did not comply with the order, she would not be entitled to present expert testimony regarding damages in this matter.
Linkous later moved to strike Mrs. Brinkerhoff s expert witness for failure to comply with the court’s order. The court granted the motion and ordered that Mrs. Brinkerhoff was not entitled to present any expert testimony on the issue of damages. We find no abuse of discretion in this action. See Johnson v. Allstate Insurance Company, 410 So.2d 978 (Fla. 5th DCA 1982).
Linkous then moved for the entry of summary judgment arguing in part that Mrs. Brinkerhoff will be unable to prove any damages because she cannot provide an expert at trial and accordingly she has no claim. The court granted the motion and entered summary judgment against Mrs. Brinkerhoff.
In actions for breach of contract, any evidence which has a reasonable tendency to prove or to disprove the fact of the breach, that the damages claimed to have resulted therefrom were the direct and immediate results of the breach, and that such damages could fairly and reasonably be considered as arising naturally from such breach or were such as may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract, as a probable result of the breach, is admissible. 17 Fla.Jur.2d, § 131 Damages (1980). Linkous has cited no authority for the proposition that damages resulting from code violations in situations such as this can be established only by expert testimony. Although Mrs. Brinkerhoff is barred from submitting expert testimony on the issue of damages, she has the testimony of her expert concerning the existence of code violations and her own testimony regarding expenditures for repairs to the motel. Thus Mrs. Brink-erhoff may be able to establish damages resulting from the code violations. In these circumstances, Linkous is not entitled to judgment as a matter of law.
REVERSED and REMANDED for further proceedings.
COBB and COWART, JJ., concur.