DOWNEY, Judge.
Martin Eisenstein and Sheldon Wolff have petitioned this court to review and quash an order of the Circuit Court of Broward County entered-upon their motion for protective order and motion to stay discovery in aid of execution.
It appears that respondent, Citizens & Southern National Bank of Florida, obtained a judgment against petitioners upon a promissory note. Shortly thereafter petitioners were noticed to appear for deposition and ordered to bring with them various itemized documents. Petitioners filed their motions for protective order and to stay discovery based upon the privilege against self-incrimination afforded by the fifth amendment to the United States Constitution. Petitioners informed the trial court that they were parties in pending federal court litigation involving allegations of fraud and violations of the Racketeer Influenced and Corrupt Organization Act, and displayed to the court a letter *1204 from a United States attorney to their counsel which advised that a grand jury subpoena would be issued for the records of Gold Coast Quality Autos, Inc., one of the businesses owned by petitioners.
The trial court issued the order under review ordering petitioners to produce all of the listed documentary items at a deposition and to answer all questions relating to discovery in aid of execution, but ruling that petitioners could invoke their fifth amendment rights regarding documents relating to Gold Coast Quality Autos, Inc., and questions relating to their interests in that company.
In our judgment the order under review is inadequate to meet the needs of the respective parties. As petitioners contend, they are entitled to the protection of the fifth amendment with regard to any questions that would be admissible against them in a criminal prosecution, and also as to any information that may aid in the development of other incriminating evidence that could be used against them. On the other hand, the witness is not to be the sole judge of whether the inquiry justifies invocation of the fifth amendment. As the court held in M.S.S. By Blackwell v. DeMaio, 503 So.2d 1384 (Fla. 5th DCA 1987), the court has the ultimate responsibility to determine whether a witness’s refusal to answer questions or produce documents is, in fact, justifiable under the subject privilege.
The better procedure and test is set forth in several cases summed up in DeLisi v. Bankers Ins. Co., 436 So.2d 1099 (Fla. 4th DCA 1983). The material demanded should be described and the questions should be propounded to the witness. His refusal to produce or answer certain questions should then be certified to the trial court for determination. If a self-incriminating response is not clear from the face of the question, the witness may be required to demonstrate the danger of incrimination that could result from his answer. See DeMaio, 503 So.2d at 1386.
We presume that portion of the trial court’s order granting protection against inquiry about Gold Coast Quality Autos, Inc., is appropriate. However, we quash the remainder of the order and remand the cause to the trial court with directions to allow the discovery demands to mature, particularly the deposition or interrogatory questions, so that the trial judge will be in a position to make a determination of the propriety of the invocation of the fifth amendment privilege.
Each party has sought an award of attorney’s fees as provided in the promissory note underlying the litigation. We deny the Bank’s motion and grant petitioners’ motion and remand to the trial court for assessment of a reasonable fee.
POLEN and GARRETT, JJ., concur.