SHEVIN, Judge,
concurring in part, dissenting in part.
Although I concur in the majority’s affir-mance on the first issue raised by appellant, I must respectfully dissent as to the second issue based on the following analysis.
Laverne and Edith Franzen filed a wrongful death action against Haverfield Corporation. During the proceedings, the Franzens moved to strike Haverfield’s workers’ compensation affirmative defense. The Fran-zens argued that this was an appropriate sanction because of Travelers Insurance Company’s failure to produce documents requested via subpoena. Travelers was not a party to this action. At the trial on Haver-field’s defense, the Franzens argued that Travelers had perpetrated a fraud upon the court; hence, Haverfield’s defense should be stricken. The trial court struck the defense as a sanction for Travelers’ misconduct.
It is an abuse of discretion to strike a party’s pleadings based on a non-party’s refusal to comply with discovery requests. See M.S.S. v. DeMaio, 503 So.2d 1384 (Fla. 5th DCA 1987). Moreover, the order sanctions Haverfield “regardless of Haverfield’s knowledge or complicity ” in the non-party’s acts. (Emphasis added). This does not constitute the “extreme circumstances” necessary to support such a severe sanction. See Tramel v. Bass, 672 So.2d 78 (Fla. 1st DCA), review denied, 680 So.2d 426 (Fla.1996).
Although the majority perhaps feels there is no reason to address the issue of sanctions because we all agree that the order under review properly determines that Haverfield is not entitled to workers’ compensation immunity, I believe a sanction that has been improperly entered against a party should not be allowed to stand. I would therefore reverse that portion of the order that sanctions Haverfield.