705 So.2d 106 (1998)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Robert BOECHER, Respondent.
No. 97-2644.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Robert R. Reynolds, IV of Dickstein, Reynolds & Woods, West Palm Beach, for petitioner.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams, West Palm Beach, for respondent.
FARMER, Judge.
We deny this petition for certiorari review of an order overruling objections to interrogatories in automobile accident litigation, but take the time to explain why recent amendments to rule 1.280 limiting discovery from expert witnesses do not apply.
This is a suit by the alleged victim of an accident against Allstate Insurance, his uninsured motorist carrier. On the basis that Allstate would call Biodynamics Research Corporation (an accident reconstruction and injury causation expert employed by the UM carrier) as an expert in this case, the claimant propounded interrogatories to Allstate as to information concerning the relationship between the UM carrier and Biodynamics. The questions sought the identity of cases in which Biodynamics had performed analyses and rendered opinions for Allstate nationally and in the preceding three years. The questions also sought to learn the amount of the fees Allstate had paid Biodynamics nationally and during the preceding three years. These same interrogatories were also propounded directly to Biodynamics, the witness itself.
Biodynamics' objections were deferred, but a hearing was held on Allstate's objections to the interrogatories. Allstate argued that the questions were overbroad and burdensome, claiming that such records were not kept and would have to be compiled, and the information requested would be impossible to ascertain without great financial hardship. Because *107 the discovery in question was directed to Allstate, a party, and not to the expert, the trial court found inapplicable Elkins v. Syken, 672 So.2d 517 (Fla.1996), in which the supreme court approved a district court's decision quashing, as overly burdensome, an order requiring expert witness physicians to produce tax records and information regarding patients examined for litigation purposes. The trial court reasoned that requiring such discovery from a party was not as "invasive" as requiring it directly from the expert.
The criteria approved by the supreme court in Elkins were the basis for an amendment to rule 1.280, Florida Rules of Civil Procedure, effective January 1, 1997. See In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 106 (Fla.1996) (adding rule 1.280(b)(4)(A)(iii)). The new provision lists the kinds of discovery a party may obtain from another party's expert witness. A portion of that rule provides, "[a]n expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents." Fla.R.Civ.P. 1.280(b)(4)(A)(iii). Under the new rule, the claimant plainly could not discover this information directly from the expert witness itself.
Allstate claims that the claimant sought to circumvent the rule by seeking to discover from Allstate, qua party defendant, that which under the rule it could not discover from Biodynamics. The third district refused to permit that tactic in Carrera v. Casas, 695 So.2d 763 (Fla. 3d DCA 1997) (noting discovery had been sought improperly from defendants, rather than from their experts, and quashing order denying defendants' request for protective order as to information sought, which did not fall within limited parameters set forth in Elkins). We disagree with the third district and certify conflict.
Elkins concerned undue burdens placed on expert witnesses, who are not parties to the lawsuit. 672 So.2d at 522 ("[T]he two cases before us involve pretrial discovery of defense medical experts...."). The supreme court's opinion plainly focuses on the hardships placed on the expert witnesses themselves as a result of overly burdensome discovery requests made applicable personally on the witnesses rather than the party.[1] The court justified its holding by stating that:
"an overly burdensome, expensive discovery process will cause many qualified experts, including those who testify only on an occasional basis, to refrain from participating in the process, particularly if they have the perception that the process could invade their personal privacy."
672 So.2d at 522. Moreover, the text of rule 1.280(b)(4)(A)(iii) is expressly directed not to parties but, again, only to discovery from expert witnesses:
"[a] party may obtain [certain] discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial ...." [e.s.]
See Fla.R.Civ.P. 1.280(b)(4)(A)(iii); and In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 114 (Fla.1996).
In this case, the discovery runs solely to the party itself, a UM carrier, not its expert. It calls upon that party to provide information as to that party's use of a specific expert witness whom the party intends to use in the present case. The case and the rule demonstrate that the nature of protection for a party from relevant discovery requests is qualitatively different from that afforded to someone who is merely a witness. See Syken v. Elkins, 644 So.2d 539, 545 (Fla. 3d DCA 1994) ("decisions in this field have gone too far in permitting burdensome inquiry into the financial affairs of physicians...."). Moreover, the information sought is indisputably relevant and meaningful to impeaching the witness.
In this instance the trial judge's order denying the motion for protection must be *108 understood as rejecting Allstate's contentions about undue burden. We perceive no error in that regard and agree with the trial judge that the circumstances here present are not as "invasive" as they would be if directed solely to an outside expert witness. Allstate knows  or can readily lay its hands on records showing the data  just how often and when it has used this expert witness. Although its motion for protective order contains boilerplate text about difficulties in locating the information sought  in having to search numerous files  there is nothing in the record furnished by Allstate suggesting that its burden in providing this information is any more difficult than the ordinary retrieval of common, routine business records.
To be sure, we live in the age of computers  not the bygone era of hooded clerics poring over ancient manuscripts seeking hidden truths. A labor that, just a few years ago, might have taken office clerks weeks or months now entails mere milliseconds of data processing time. It occurs to us that, in this pervasively computerized generation of doing business, any going concern would be sorely tried to establish burdensomeness in the mere retrieval of this kind of information. Surely Allstate has the power to pluck the data from its own cyberspace. The burden placed on this party should be presumed to be no more difficult than selecting the correct keys on a board or icons on a screen. Allstate has done nothing in this record to dispel such a presumption.
We therefore deny the petition as demonstrating no departure from the essential requirements of law.
STONE, C.J., and GUNTHER, J., concur.
NOTES
[1] The court approved the en banc opinion of the third district in its entirety. See Syken v. Elkins, 644 So.2d 539 (Fla. 3d DCA 1994). That opinion makes clear that the subject of the protective order was a subpoena duces tecum served on the expert witness, thereby placing on the witness rather than the party the burden of compiling and reporting the information sought.