719 So.2d 944 (1998)
Curtis COOPER, Appellant/Cross-Appellee,
v.
Suzanne LEWIS and Owen Lewis, her husband, Appellees/Cross-Appellants.
No. 98-64.
District Court of Appeal of Florida, Fifth District.
September 25, 1998.
Rehearing Denied October 29, 1998.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant/Cross-Appellee.
Jonathan P. Sanford and Robert D. Melton, of Robert D. Melton, P.A., Orlando, for Appellees/Cross-Appellants.
*945 Jeff Tomberg, J.D., P.A., Boynton Beach, Amicus Curiae for Academy of Florida Trial Lawyers.
HARRIS, Judge.
We are not here concerned, at least not directly, with what information was required from the expert. Our inquiry is limited to what the appropriate sanction is, what the proper procedure for that sanction is, and against whom such sanction may be imposed when the expert fails to comply with a proper request. In other words, we take up generally where Elkins v. Syken, 672 So.2d 517 (Fla.1996) left off.
In our case, the doctor who performed the IME appeared at his deposition without the requested information relating to his past experience as one who provides IMEs. The doctor stated that because of short notice he did not have the information available. When plaintiffs moved for sanctions against the doctor, affidavits were submitted by employees of the doctor that the information could be obtained in a matter of days. The court did not impose sanctions against the doctor. Depositions of the doctor's staff were taken, at which time all requested information was produced except that copies of IMEs relating to other patients were withheld based on the claim of doctor patient privilege and the right to privacy of such other patients.
Without further ado, without any motion to hold the doctor in contempt and without a motion to compel the production of the IMEs even in a redacted format, the trial judge granted the plaintiffs' motion to strike the doctor from the defendant's witness list. In addition, the court assessed costs and attorney's fees against the defendant for the perceived misconduct of the doctor. The only authority cited to this court to justify the trial court's action is the statement in the Third District's Elkins opinion:[1]
When it is disclosed or made apparent to the trial court that such a witness has falsified, misrepresented, or obfuscated the required data, the aggrieved party may move to exclude the witness from testifying, or further, move for the imposition of costs and attorneys fees in gathering the information necessary to expose the miscreant expert.
This statement in the Third District's well reasoned opinion merely sets out the remedies available to the trial court under Rule 1.380, Rules of Civil Procedure, and does not purport to extend the trial court's authority.
This record simply does not indicate that the doctor was attempting to obfuscate the requested data. The fact that the doctor's staff asserted the other patients' right of privacy concerning delivery of copies of their IMEs does not constitute such a showing. At least before imposing such sanctions, the trial court should find that someone is in contempt of court or has violated an appropriate court order.
Even if the doctor wrongfully withheld the requested information, there appears to be no authority for sanctioning an innocent defendant, particularly in a personal injury action. If the plaintiff, at the direction of his lawyer, goes to a doctor, knowing the doctor will find permanent injuries when there are none, then the plaintiff, his lawyer, and his doctor have conspired to work a fraud on the court and, upon proper proof, all should be subject to sanctions. But in this case, the defendant is not alleged to have committed any wrong. He didn't choose the doctor. For that matter, in a large majority of such cases, the defendant doesn't even choose the lawyer.[2] Can a judge impose sanctions against anyone at any time for any reason? We think not.
*946 The Academy of Florida Trial Lawyers in its amicus support of appellees asks us to consider M.S.S. v. DeMaio, 503 So.2d 1384 (Fla. 5th DCA 1987). We agree that DeMaio is relevant to this case but not that it supports appellees' position. Judge Cobb made it clear in DeMaio that sanctions should be imposed, if at all, on the offending non-parties and not on the innocent plaintiff. And Judge Farmer in Allstate Ins. Co. v. Boecher, 705 So.2d 106 (Fla. 4th DCA 1998), distinguishes between the differing discovery obligations, and we urge differing sanction options, available against parties and nonparties.
The trial court erred in striking the doctor from defendant's witness list because of procedural irregularities and because the record does not support a finding of wilful violation (contempt) or a violation of a court order. The court erred in assessing attorney's fees and costs against the defendant because the record does not support the imposition of sanctions against him.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
W. SHARP, J., concurs and concurs specially, with opinion.
W. SHARP, Judge, concurring and concurring specially.
I substantially agree with Judge Harris' opinion in this case. However, it appears to me that Doctor Maluso's employees failed to produce some records, even after the second try, which the plaintiffs are entitled to discover pursuant to Elkins v. Syken, 672 So.2d 517 (Fla.1996), and Florida Rule of Civil Procedure 1.280. Not included in the ones produced were a list of cases for 1995 in which the doctor acted as IME and in which he testified by deposition or at trial, and inclusion in all of the other categories of information, proper under Elkins, information from the doctor's office in Kissimmee. These omissions may be insignificant and thus not a basis for a motion to compel, motion for contempt, or sanctions. We cannot judge that from our appellate point of view.
I am also disturbed by plaintiffs' assertion that an Elkins' violation has occurred because the doctor's staff did not produce independent medical examination reports or copies of them for the doctor's other patients, not involved in this law suit, during the past three years. There is no authority for discovery of these reports. Indeed, subsections 455.667(5) and (6) prohibit the discovery of confidential patient files, absent proper notice to and written authorization from the patient or the patient's legal representative. See Syken v. Elkins, 644 So.2d 539, 546 (Fla. 3d DCA 1994), approved, 672 So.2d 517 (Fla. 1996); Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992); LeJeune v. Aikin, 624 So.2d 788 (Fla. 3d DCA 1993).
Defense counsel below filed a motion for protective order regarding this discovery and indeed the doctor's staff, the proper persons to do so,[1] invoked the doctor-patient privilege in refusing to produce the reports or copies of them. The burden then shifted to the plaintiff to make a showing why it is proper to pierce the privilege in this case and why such confidential information is required to allow the plaintiffs to prosecute their case.[2] I doubt such a showing can be made. However, this is a matter the trial court has yet to resolve and at this stage it clearly is no basis to seek sanctions.
NOTES
[1] Syken v. Elkins, 644 So.2d 539, 547 (Fla. 3d DCA 1994).
[2] In this case, there is no indication that defense counsel did anything improper. But even if he did, should his misconduct be visited upon the defendant? In personal injury actions in which insurance is involved, defense counsel is selected for the defendant by the insurer. The difficulty with holding the defendant responsible for the actions of his lawyer on some agency theory is in determining whose agent the lawyer is. Perhaps holding the defendant liable is thought justified because he can in turn sue his lawyer. But if the lawyer has done something improper, the law will be better served if the trial court skips the middle man and goes directly to the source and punishes the offending lawyer.
[1] § 455.667(5), Fla. Stat.; Acosta v. Richter, 671 So.2d 149 (Fla.1996).
[2] See generally, Cone v. Culverhouse, 687 So.2d 888 (Fla. 2d DCA 1997) (once defendants established prima facie basis for lawyer-client and accountant-client privilege, burden of proof shifted to plaintiff to establish that an exception to the privileges applies); Dade County School Board v. Soler, 534 So.2d 884 (Fla. 3d DCA 1988) (once a party opposing production asserts a work product privilege, the burden shifts to the party requesting production to show that he is unable, without due hardship, to obtain the material by other means).