SHARP, W., J.
Petitioner, Premark International, Inc., the defendant below in a personal injury lawsuit, seeks certiorari review of the trial court’s order on the motion of Janet and Richard Pierson to strike experts, and on Premark’s order on motion for rehearing or motion for a continuance of the trial. The effect of these orders is to prevent Premark’s expert witness, Dr. Paul Malu-so, from testifying at the trial with regard to the physical condition of and nature of injuries to respondent and plaintiff below, Janet Pierson,[1] as determined by a compulsory medical examination (CME) he *860 had performed on her. We grant the petition.
Based on the record provided to us, it appears there was a problem with coordinating the time for the CME of Janet Pierson and mediation, because she is an out-of-state plaintiff and only wanted to make one trip. Before the CME took place, the Piersons propounded expert interrogatories on Premark and it responded, but as Premark explained, not fully because the CME had not yet taken place. Although the court denied the Piersons’ motion to strike Premark’s expert witness at that time, it ruled the expert must be made available for deposition no later than the close of business May 3, 2002. The trial was scheduled to commence May 15, 2002.
Dr. Maluso’s staff advised counsel for Premark that the doctor would be out of his office through May 3, 2002, and accordingly Premark filed a motion for extension of time for his deposition. Apparently counsel for Premark was misinformed because Dr. Maluso was scheduled to perform another CME on a different client of the Pierson’s attorney, in his office on May 3, 2002.
Premark, having learned Dr. Maluso was present on May 3 in his office, filed an amended motion for extension of time. The court was advised Dr. Maluso and another witness were available for deposition on May 8, 2002. The court allowed an extension of time regarding the other witness but denied it as to Dr. Maluso, and struck him as a witness in an order dated May 9, 2002. On that date, Dr. Maluso’s CME of Janet Pierson was filed with the court.
Premark filed a motion for rehearing or to continue the trial from the May 15, 2002 docket. Included with the motion was an affidavit by Dr. Maluso in which he averred that due to appointments and schedule constraints he would not have been available for deposition by counsel on May 3, 2002, but that he was available on May 8, 2002, and would also make all reasonable efforts to make himself available prior to trial. The trial court refused any relief.
We conclude that the denial to Pre-mark of its sole expert witness, is too drastic a sanction under the circumstances. The importance of his testimony at trial is beyond serious dispute. See, e.g., Lifemark Hospitals of Florida, Inc. v. Hernandez, 748 So.2d 378 (Fla. 3d DCA 2000) (certiorari granted when the testimony was material to the central issue in the case); Travelers Indemnity Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980) (“It is difficult to understand how the denial of the right to take the testimony of an alleged material witness can be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.”).
In this case there is no allegation that counsel for Premark intentionally misrepresented to the court the whereabouts of Dr. Maluso, after learning of his presence in his office May 3. There is also no allegation or representation that counsel for Dr. Maluso did anything other than rely on the statements or representations made to him, by Dr. Maluso’s office staff. In addition, the trial court failed to make any finding of contempt or other misconduct by anyone involved. Prior to striking an obviously essential expert witness, on eve of trial, the trial court should find serious misconduct by the party or counsel involved, or a violation of an appropriate court order. According to Cooper v. Lewis, 719 So.2d 944, 945 (Fla. 5th DCA 1998), *861 before striking an expert witness,[2] the trial court should “find someone is in contempt of court or has violated an appropriate court order.” (Emphasis in original). In the instant case, there is no testimony'or evidence that anyone disregarded a court order or made an intentionally false representation to the trial court.
GRANT WRIT.
HARRIS and ORFINGER, R.B., JJ., concur.

. Her husband Richard J. Pierson is the other respondent and plaintiff.

. The expert in Cooper was also Dr. Maluso.