929 So.2d 1154 (2006)
ALI INVESTMENTS, INC., Petitioner,
v.
FIRST AMERICAN TITLE INSURANCE, etc., et al., Respondent.
No. 5D06-288.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
R. Lee Dorough, Orlando, for Petitioner.
Todd M. Hoepker of Todd M. Hoepker, P.A., Orlando, for Respondent.
PER CURIAM.
Ali Investments, Inc., ("Petitioner"), seeks a writ of certiorari quashing a trial court order prohibiting Petitioner "from calling any witnesses at trial other than the Defendants and one representative from Plaintiff." The order was entered as a sanction for Petitioner's willful disregard of multiple discovery requests and court orders compelling responses to discovery, for non-compliance with the pre-trial deadlines for disclosure of witnesses, and for failure to comply with other aspects of the court's pre-trial order.
Although it appears that the trial court acted within its discretion in imposing the sanctions about which Petitioner complains, we do not reach this issue. "[I]t is settled law that, as a condition *1155 precedent to invoking a district court's certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal." Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998). Here, Petitioner has failed to demonstrate that it will suffer irreparable harm if the interlocutory order limiting testimony at trial is permitted to stand. See, e.g., Sardinas v. Lagares, 805 So.2d 1024 (Fla. 3d DCA 2001) (recognizing any error in pretrial order precluding testimony in civil case can be remedied on direct appeal); Siegel v. Abramowitz, 309 So.2d 234, 235 (Fla. 4th DCA 1975) (holding interlocutory orders are reviewable by certiorari only "when it clearly appears there is no full, adequate and complete remedy available by appeal after final judgment").
PETITION DENIED.
PLEUS, C.J., GRIFFIN and LAWSON, JJ., concur.