ORFINGER, J.
Heathrow Master Association, Inc. and Sentry Management, Inc. (collectively “Heathrow”), the defendants in a personal injury action, seek certiorari review of an order granting the plaintiff/respondent, Lisle Zulia’s motion to strike Heathrow’s expert witness, Gabor Racz, M.D. Heath-row argues that the trial court departed from the essential requirements of law by striking the expert witness because (1) neither the expert nor Heathrow were in violation of any court order and there was no motion to compel or order compelling discovery; (2) all of the information that Zulia was entitled to was provided prior to the hearing on the motion to strike; and (3) the striking of the witness was an unwarranted, extreme sanction. We grant the petition.
Zulia stepped into an uncovered irrigation pipe and suffered an abrasion on her leg. Heathrow owned the property where the injury took place. Sentry Management maintained the property and irrigation system. Following the incident, Zulia underwent significant medical treatment, and claims to suffer pain in every part of her body, both externally and internally, from the bottom of her feet to the top of her head. Zulia claims that her pain is caused by reflex sympathetic dystrophy (“RSD”). Heathrow asserts that the primary issue that the jury will be asked to decide at trial is whether Zulia’s symptoms are caused by RSD as a result of the abrasion caused by her fall, or whether the symptoms are psychosomatic or hypochon-driacal. Heathrow retained Dr. Racz, the Director of Pain Services in the Department of Anesthesiology at Texas Tech University, to review Zulia’s medical records and testify as to the cause of Zulia’s symptoms.
Zulia sought discovery from Heathrow concerning (1) the number of times that Dr. Racz testified for the defense within the past three years; (2) the identity of the specific legal actions in which Dr. Racz appeared as an expert witness or gave a deposition within the last three years; and (3) the total amount of money that Dr. Racz was paid in those cases. Heathrow complied in part and objected in part, claiming that much of Zulia’s requested discovery was improper pursuant to Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla.1999), and Elkins v. Syken, 672 So.2d 517 (Fla.1996). Rather than seeking a ruling on the objections or to compel production of the requested information, Zulia moved to strike Dr. Racz as a witness. After the court granted the motion to strike, Heathrow sought certiorari review.
The essential prerequisite to the granting of a petition for certiorari is action by the lower court that constitutes a departure from the essential requirements of law such as will cause material injury to the petitioner throughout the remainder of the proceedings below and for which a remedy by appeal would be inadequate. Brooks v. Owens, 97 So.2d 693, 695 (Fla.1957); Travelers Indem. Co. v. Hill, 388 So.2d 648, 649 (Fla. 5th DCA1980). Error in the denial of a discovery motion is generally correctable on review of the final judgment. As a jurisdictional threshold, certiorari will respond only to material, irreparable harm continuing through the *813 rest of the proceedings. However, some denials of discovery requests cause irreparable injury due to the absence of any practicable way to determine post-judgment, the effect of the evidence on the outcome of the trial. Hill, 388 So.2d at 650.
Dr. Racz’s testimony is material to Heathrow’s ability to obtain a fair trial. Dr. Racz is Heathrow’s primary witness regarding RSD, Zulia’s primary complaint. Further, it is difficult to understand how striking the testimony of a material witness can be remedied on appeal since there is no meaningful way to determine, after judgment, what the testimony would have been or how it would have affected the result. Striking Heathrow’s witness was too drastic a sanction under the circumstances. See, e.g., Lifemark Hosps. of Fla., Inc. v. Hernandez, 748 So.2d 378 (Fla. 3d DCA 2000) (granting certiorari when testimony was material to central issue in case). As a general rule, before striking an expert witness, the trial court should “find that someone is in contempt of court or has violated an appropriate court order.” Cooper v. Lewis, 719 So.2d 944, 945 (Fla. 5th DCA 1998) (emphasis in original). In this case, there is nothing in the record to suggest that anyone disregarded a court order or impeded the administration of justice.
Finding that the trial court departed from the essential requirements of law in striking the witness, we quash the order under review.
CERTIORARI GRANTED; ORDER QUASHED.
MONACO, C.J. and COHEN, J., concur.