EVANDER, J.
Petitioner, Fifth Third Bank, seeks review of an order compelling disclosure of six documents for which it asserted a claim of either attorney-client privilege or work product. One of the documents was properly found by the trial court to constitute work product and another document was properly determined to be a privileged attorney-client communication. The trial court, nonetheless, ordered production of these documents after determining that Petitioner waived its objections by filing an “untimely” privilege log. We conclude that no waiver occurred and that the trial court’s order constituted a departure from the essential requirements of law. We further determine that Petitioner should not have been required to produce three of the other four documents at issue and that it was improper for the trial court to impose sanctions against Petitioner.
On May 26, 2010, Respondents served their Second Request to Produce on Petitioner. Petitioner timely responded, raising numerous objections to some of the requests but agreeing to produce other documents at a mutually-agreed upon time and place. Demand for payment of copying costs was also made. Respondents’ counsel ignored Petitioner’s counsel’s attempts to arrange a mutually convenient time and place for production of documents, instead filing a Motion to Compel and to Impose Sanctions. After hearing the motion on August 4, 2010, the trial court ordered Petitioner to deliver copies of all documents responsive to the request to produce, along with a corresponding privilege log, to the office of Respondent’s counsel no later than August 6, 2010. Respondents were directed to reimburse Petitioner for the cost of copies at a rate of $.03/page. The trial court did not rule on Petitioner’s various objections at this hearing. On August 6, 2010, Petitioner produced the privilege log as well as hundreds of pages of requested documents.
The trial court subsequently held a hearing on December 1, 2010, to determine the propriety of Petitioner’s objections to the Second Request to Produce. It also conducted an in camera review of the documents for which a claim of work product or attorney-client privilege had been asserted. The trial court ultimately determined that the document found at Produced Documents Page Numbers 247-49 *852 was work product and that the document found at Produced Documents Page Number 597 was a privileged attorney-client communication. However, the trial court ruled that Petitioner’s privilege log was untimely filed and therefore its objections were waived. The four other documents at issue were also ordered to be disclosed and attorney’s fees were imposed against Petitioner as a sanction.
Review by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Certiorari is particularly appropriate to review an order which improperly requires a party to produce documents or disclose information for which a privilege is asserted because disclosure of privileged or protected material may cause irreparable injury. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987); Beverly Enters.Fla., Inc. v. Ives, 832 So.2d 161, 162 (Fla. 5th DCA 2002), Wooten, Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245, 1246-47 (Fla. 5th DCA 1990).
Here, the trial court’s finding of waiver was erroneous. Florida Rule of Civil Procedure 1.280(b)(5) provides that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the parties shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information that is itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. This rule does not set forth a time by which a privilege log must be filed.
In Bankers Security Insurance Co. v. Symons, 889 So.2d 93, 95-96 (Fla. 5th DCA 2004), this court held that failure to submit a privilege log by the due date for the response to the request to produce did not automatically constitute a waiver of the right to assert privilege or work-product immunity. In doing so, this court observed that the attorney-client privilege and work product immunity are important protections in the adversarial legal system and that finding an implicit waiver of these protections should not be favored, but resorted to only when the violation is serious. See also Gosman v. Luzinski, 937 So.2d 293, 296 (Fla. 4th DCA 2006).
In the instant case, the trial court resolved the parties’ disputes regarding copying costs and the time and location of document production at the August 4, 2010 hearing. At such time, the trial court ordered Petitioner to produce its privilege log within two days. Petitioner timely complied with that order. The trial court’s subsequent finding of an implicit waiver, based on a failure to file a privilege log within thirty days of the date of service of the Second Request to Produce, constituted a departure from the essential requirements of law.
We further determine that three of the other four documents (found at Produced Documents Page Numbers 250-56, 391, and 403) also constituted either protected work product or privileged attorney-client communication for which disclosure should not have been ordered. We find no error in the trial court’s decision requiring the production of the remaining document at issue.
Finally, based on our decision and our review of the record, we find no basis for the trial court’s imposition of sanctions against Petitioner.
*853 PETITION GRANTED, in part; DENIED, in part.
SAWAYA and LAWSON, JJ„ concur.