PER CURIAM.
Bill Kasper Construction Company, Inc. (KCC), has filed a petition seeking a writ of certiorari regarding the trial court’s order striking its amended witness list. Determining that certiorari relief is not warranted, we deny the petition.
The underlying litigation in this matter is a personal injury action involving injuries suffered by respondents while on a residential construction site. Numerous continuances of the trial were granted, and the order granting the last continuance provided that no additional discovery would be allowed.
Thereafter, KCC filed an amended witness list containing the names of three new expert witnesses. The respondents filed a motion to strike the amended witness list and, after a hearing, the trial court granted the motion.
KCC filed the instant certiorari petition challenging the trial court’s ruling, contending that it constitutes a departure from the essential requirements of law, causing material injury that cannot be remedied on appeal. See Fifth Third Bank v. ACA Plus, Inc., 73 So.3d 850, 852 (Fla. 5th DCA 2011). We disagree.
This court has previously denied certiorari relief in similar circumstances due to the availability of post-judgment appellate relief. For example, in Ali Investments, Inc. v. First American Title Insurance, 929 So.2d 1154 (Fla. 5th DCA 2006), this court held that the petitioner failed to demonstrate that the harm caused by an order limiting testimony at trial could not be remedied on final appeal. Similarly, in Sardinas v. Lagares, 805 So.2d 1024 (Fla. 3rd DCA 2001), the Third District refused to review by certiorari an order striking a witness.
We acknowledge there are three cases from our court that are inconsistent with this case law. First, in Premark International, Inc. v. Pierson, 823 So.2d 859 (Fla. 5th DCA 2002), our court quashed a trial court order striking the defendant’s sole expert witness in a personal injury case. Similarly, in Heathrow Master Ass’n v. Zulia, 52 So.3d 811 (Fla. 5th DCA 2011), we quashed a trial court order striking the defendant’s expert witness. In so ruling, we reasoned:
[I] t is difficult to understand how striking the testimony of a material witness can be remedied on appeal since there is no meaningful way to determine, after judgment, what the testimony would have been or how it would have affected the result.
Id. at 813. See also Travelers Indem. Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980) (reasoning similarly).
We find this reasoning unpersuasive. When an order striking testimony is entered, the aggrieved party can proffer the stricken testimony, thereby enabling this court, on final appeal, to determine how the testimony could have affected the result of the trial. Indeed, we have routinely reviewed a trial court’s decision to strike an expert witness when considering cases on direct appeal. See Cooper v. Lewis, 719 So.2d 944 (Fla. 5th DCA 1998); Brinkerhojf v. Linkous, 528 So.2d 1318 (Fla. 5th DCA 1988). As such, we recede from Premark, Heathrow, and Travelers *1063 to the extent that they are inconsistent with this opinion.
PETITION DENIED.
GRIFFIN, SAWAYA, PALMER, MONACO, TORPY, LAWSON, EVANDER, COHEN and JACOBUS, JJ., concur.
TORPY, J., concurs and concurs specially, with opinion in which LAWSON, EVANDER and COHEN, JJ., concur.
ORFINGER, C.J., concurs in part and dissents in part, with opinion.