ORFINGER, C.J.,
concurring in part and dissenting in part.
Certiorari relief is appropriate where the lower court takes an action that departs from the essential requirements of law, which, if left unremedied, will cause material injury to the petitioner throughout the remainder of the proceedings below and an appellate remedy would be inadequate. Brooks v. Owens, 97 So.2d 693, 695 (Fla.1957); Travelers Indem. Co. v. Hill, 388 So.2d 648, 649 (Fla. 5th DCA 1980).
In the overwhelming majority of cases, I agree that the erroneous denial of a discovery motion or the striking of a witness is generally correctable upon review of the final judgment. However, some, admittedly few, denials of such actions can cause irreparable harm due to the absence of any practicable way to determine post-judgment how the evidence affected the outcome of the trial. Hill, 388 So.2d at 650; see Heathrow Master Ass’n v. Zulia, 52 So.3d 811, 813 (Fla. 5th DCA 2011); Premark Int’l, Inc. v. Pierson, 823 So.2d 859, 860 (Fla. 5th DCA 2002).
The majority correctly observes that we have cases that both grant and deny cer-tiorari relief when trial courts deny discovery or strike witnesses. This is not surprising because deciding what is “irreparable harm,” just like determining what constitutes an “abuse of discretion” or proof “beyond a reasonable doubt” is an inherently imprecise, subjective standard, which requires an appellate court to draw lines. That the lines are not always precisely drawn is not a sufficient basis to remove this important tool from an appellate court’s toolbox. And, our Court is certainly not alone in granting certiorari in such instances. See, e.g., Baldwin v. Shands Teaching Hosp. & Clinics, Inc., 45 So.3d 118, 122 (Fla. 1st DCA 2010) (granting certiorari where trial court denied petitioner’s motion to compel non-party to produce adverse documents, which were material with no available substitutes and there was no way to make post-judgment determination as to how *1066 absence of documents affected outcome of case); Nucci v. Simmons, 20 So.3d 388, 390 (Fla. 2d DCA 2009) (quashing order denying defense motion to depose plaintiffs attorney when trial court applied wrong analysis and error could not be corrected on plenary appeal); Sabol v. Bennett, 672 So.2d 93, 94-95 (Fla. 3d DCA 1996) (granting certiorari and quashing discovery order that denied motion to compel testimony from material witness as harm could not be corrected on appeal since there was no practicable way to determine after judgment what testimony would be or how it would affect result).
The rule adopted by the majority is attractive because it is easy to apply. However, ease of application should not trump the parties’ right to a fair trial if in the reviewing court’s judgment, it would be impracticable to determine post-judgment the effect of the evidence (or more accurately, the lack of evidence) on the trial’s outcome.
For that reason, although I would not grant certiorari relief in this case, I would not recede from Heathrow, Premarlc, or Travelers, and therefore, respectfully dissent, from that part of the opinion.