IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RANDY LANE RHOADES, III,

      Petitioner,

 v.                                    Case No.  5D16-4285

LILMISSETTE RODRIGUEZ,

      Respondent.

_____/

Opinion filed March 17, 2017

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
John M. Harris, Judge.

Dale T. Gobel, of Gobel Flakes, LLC,
Orlando, for Petitioner.

Jeffrey M. Byrd, P.A., of Jeffrey M. Byrd,
P.A., Orlando, for Respondent.

LAMBERT, J.

      Randy Rhoades petitions for a writ of certiorari, requesting that this court quash

the trial court's order that limits the trial testimony of one of his expert witnesses, Dr.

Steven Rundell, a biomechanical engineer.  We deny the petition.

      This case arises from a motor vehicle accident.   Respondent, Lilmissette

Rodriguez, sued Rhoades, alleging that Rhoades negligently operated his vehicle,

resulting in a rear-end accident that proximately caused Rodriguez to suffer injury and

damages.  Rhoades listed Dr. Rundell as an expert witness, anticipating that Dr. Rundell

would provide opinion testimony as to: (1) the accelerations and forces that are applied to the human body as a result of this collision, (2) the effects of such force on the human body, (3) the likelihood of damage to human bone and tissue by the application of such forces, and (4) a comparison of the forces caused by the instant motor vehicle collision with those forces that are experienced by individuals in other common daily events. Rodriguez filed a *Daubert*[1] motion, seeking to limit Dr. Rundell from providing this testimony and to further preclude him from providing opinion testimony as to whether she sustained any injury that was causally related to the accident. Following a hearing at which Dr. Rundell testified, the trial court entered the challenged order, permitting Dr. Rundell to testify as to the forces generated by the collision of the vehicles but precluding him from testifying as to the effect of such forces as applied to the human body, the likelihood of any damage to tissue and bone resulting from such forces, a comparison of the forces caused by the collision with those forces associated with other common daily events, and whether Rodriguez was injured as a result of the accident.

Rhoades argues that as a result of Florida's adoption of the *Daubert*[2] standards as to the admissibility of scientific evidence, Florida's trial courts have now been provided

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[2] Effective July 1, 2013, the Florida Legislature amended section 90.702, Florida Statutes, replacing the previously adopted "general acceptance test" for admitting expert opinion evidence described in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), with the standards set forth in *Daubert* for the admissibility of scientific evidence. Section 90.702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:

with a "broader ability to strike an expert witness," thus necessitating a "modification in the ability for certiorari review" and the implementation of "a new appellate standard for evaluating the propriety of the trial courts' [pretrial orders]" that strike expert witnesses or limit their testimony. Rhoades contends that due to what he sees as an increase by the trial courts, post-*Daubert*, to strike expert witnesses prior to trial, this court should recede from our nearly unanimous en banc decision in *Bill Kasper Construction Co. v. Morrison*, 93 So. 3d 1061, 1062 (Fla. 5th DCA 2012), where we held that certiorari review of a trial court's pretrial order striking a defendant's expert witnesses was unwarranted due to the availability of postjudgment appellate relief. Rhoades disagrees, arguing that immediate interlocutory review of such pretrial orders is now necessary "as the only way to ensure the legal correctness of the trial court's rulings and to assure faith in the fairness of our legal system."

"To be entitled to certiorari review, [Rhoades] must demonstrate that the [trial court's] order constitutes a departure from the essential requirements of law and results

---

(1) The testimony is based upon sufficient facts or data;

(2) The testimony is the product of reliable principles and methods; and

(3) The witness has applied the principles and methods reliably to the facts of the case.

§ 90.702, Fla. Stat. (2016).

The *Frye* test applied to expert testimony based upon new or novel scientific evidence. "Under *Frye*, in order to introduce expert testimony deduced from a scientific principle or discovery, the principle or discovery 'must be sufficiently established to have gained general acceptance in the particular field in which it belongs.'" *Flanagan v. State*, 625 So. 2d 827, 828 (Fla. 1993) (quoting *Frye*, 293 F. at 1014).

3

in material injury for the remainder of the case that cannot be corrected on appeal." *See Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1052 (Fla. 2016) (citing *Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454 (Fla. 2012)). "Simple disagreement with the decision of the trial court is an insufficient basis for certiorari jurisdiction." *Id.* (citing *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 683 (Fla. 2000)). Furthermore, the alleged gravity of the trial court's error does not justify the relaxation of the irreparable harm prerequisite to certiorari relief. *Bill Kasper*, 93 So. 3d at 1063 (Torpy, J., concurring) (citing *Jaye v. Royal Saxon, Inc.*, 720 So. 2d 214, 215 (Fla. 1998)).

We decline Rhoades's invitation to recede from *Bill Kasper.* Moreover, subsequent to Rhoades filing his petition, the Florida Supreme Court has declined to adopt the "*Daubert* amendment" to section 90.702, to the extent that it is procedural, due to constitutional concerns that the court determined must be addressed in the context of a proper case or controversy (as opposed to a "rules case"). *See In re: Amendments to the Fla. Evidence Code*, 42 Fla. L. Weekly S179 (Fla. Feb. 16, 2017). As the supreme court's opinion could very well result in the trial court reconsidering or vacating the instant interlocutory order prior to trial, the issues we are being asked to consider may become moot. *See Bill Kasper*, 93 So. 2d at 1065 (Torpy J., concurring) (noting the possibility of a change in the trial court's ruling rendering moot the issues before the appellate court as an additional factor in denying certiorari review).

PETITION for WRIT OF CERTIORARI DENIED.

PALMER and EDWARDS JJ., concur.