388 So.2d 648 (1980)
TRAVELERS INDEMNITY COMPANY, Petitioner,
v.
Donald V. HILL, Respondent.
No. 80-586.
District Court of Appeal of Florida, Fifth District.
October 1, 1980.
*649 James A. Scott of Haas, Boehm, Brown & Rigdon, P.A., Orlando, for petitioner.
Christopher C. Ford, Tavares, for respondent.
ORFINGER, Judge.
By Petition for Writ of Certiorari, petitioner asks us to hold that the trial court failed to comply with the essential requirements of law when it denied petitioner's motion for the appointment of a commissioner to take a deposition in the state of Ohio.
Respondent Hill, as plaintiff below, had filed a complaint alleging that Petitioner Travelers, as respondent's insurer, had failed to pay a theft loss under a policy of insurance issued by Travelers to Hill. By amended answer, Travelers affirmatively alleged, among other things, that Hill's ex-wife had been jointly entitled to possession of the items allegedly stolen and that she was entitled to enter the premises where the items were located and that she in fact had taken these items pursuant to an Ohio divorce decree, so that no theft had occurred.
As soon as the pleadings were closed, Travelers filed the Motion for Appointment of Commissioner to take the deposition of *650 Shelva Hill, the former wife, alleging the need to take her deposition as a witness who would have knowledge of the removal of the items complained of and that she resided in Ohio.[1] Anticipating the entry of the order, Travelers had set the former wife's deposition for May 16, 1980, in Fremont, Ohio. A pre-trial conference had been called by the court for May 9, 1980, and trial had been set to begin June 9, 1980. No objection to the taking of the deposition appears in the record, nor does the record reveal any motion for protective order nor any showing of good cause why the commissioner should not be appointed or the deposition taken. In fact, in the response requested by us to the petition herein, respondent does not allude to any such motion or showing of cause. By order of May 13, 1980, the trial court denied the appointment of a commissioner without asserting any reason therefor and without reference to any showing of good cause. We stayed the cause pending these proceedings.
Petitioner asserts that the trial court departed from the essential requirements of law when it denied this very substantial right, that the testimony of the witness is essential to its defense and that there would be no adequate remedy upon appeal from a final judgment. Respondent urges us to leave the trial court's order undisturbed because: 1) there was no showing made below that an Ohio resident can be compelled to testify before a commissioner appointed by a Florida court; 2) the trial court has the discretion to deny discovery for good cause shown; and 3) if the trial court was wrong, there is an adequate remedy by appeal.
Disposing of the last point first, both parties correctly recognize that the essential prerequisite to the granting of a petition for certiorari is action by the lower court which constitutes a departure from the essential requirements of law such as will cause material injury to the petitioner throughout the remainder of the proceedings below and for which a remedy by appeal would be inadequate. Brooks v. Owens, 97 So.2d 693 (Fla. 1957). It is difficult to understand how the denial of the right to take the testimony of an alleged material witness can be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result. Certiorari is the proper remedy here.
We find difficulty with respondent's point (1) above because respondent concedes that Ohio, like Florida, has also adopted the Uniform Foreign Deposition Act. Under these circumstances, when a Florida litigant needs testimony of a witness in Ohio, the first step in the proceedings is to secure the appointment of a commissioner by the Florida court. Application is then made to the Ohio court for the process necessary to secure the attendance of the witness. It seems to us that under ordinary circumstances the appointment of a commissioner is a perfunctory matter barring some showing to the contrary by the adverse party.
We agree with respondent that the trial court has the right to deny discovery upon a showing of good cause;[2] but this requires an affirmative showing of good cause by the party or person seeking to prevent the discovery. Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla. 1976); Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975). There is nothing in the record indicating a motion for protective order or showing of good cause by respondent for the trial court to act on. Thus, there was nothing before the court on which he could have exercised his discretion to refuse to appoint the commissioner.
*651 Finding as we do that the trial court departed from the essential requirements of law in denying the appointment of a commissioner to take the testimony of a witness in Ohio, the writ of certiorari is granted and the order appealed from is quashed, with directions to enter an order appointing a commissioner to take the testimony of Shelva Hill in Ohio, and to allow petitioner a reasonable time to take this testimony prior to the time of trial.
Writ GRANTED; order QUASHED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 92.251, Florida Statutes (Uniform Foreign Deposition Act):

Whenever any mandate, writ of commission is issued out of any court of record in any other state, territory, district or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness or witnesses in the state, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purposes of taking testimony in proceedings pending in this state.
[2] Fla.R.Civ.P. 1.280.