558 So.2d 154 (1990)
CONTINENTAL EQUITIES, INC., a Florida Corporation, Petitioner,
v.
JACKSONVILLE TRANSPORTATION AUTHORITY, a Corporate Body Politic and an Agency of the State of Florida, Respondent.
No. 90-431.
District Court of Appeal of Florida, First District.
March 14, 1990.
Tyrie A. Boyer of Boyer, Tanzler & Boyer, Jacksonville, for petitioner.
Cindy A. Laquidara-Kenney and Tracy S. Carlin of Commander, Legler, Werber, Dawes, Sadler & Howell, Jacksonville, for respondent.
PER CURIAM.
Continental Equities, Inc. (Continental) brought an action in circuit court seeking *155 damages for breach of contract. It was alleged that plaintiff had transferred certain real property to the Jacksonville Transportation Authority (JTA). As part of the transaction JTA agreed that in the event a limited access highway was constructed on the property in question, it would construct a service road on both sides of the highway and provide access to the highway from the service road at certain intervals. JTA constructed the limited access highway but not the service and access roads.
By a motion in limine, JTA sought to limit Continental's proof of damages. Defendant's position was that, assuming plaintiff could otherwise prove the elements of its cause of action, the proper measure of damages would be the difference between the value of its adjacent property with the roads provided for in the contract and without them. Continental's theory was that damages could be proven by showing the cost of construction of the service and access roads. By order of February 9, 1990, the Circuit Court for Duval County, Judge Peter Webster presiding, accepted JTA's theory of the proper measure of damages and granted its motion in limine. This timely petition for writ of certiorari followed.
In his order granting relief to JTA, Judge Webster recited:
Both parties have acknowledged that this issue is very important to resolution of the dispute between the parties and that great expense of judicial labor and costs to the parties in both time and money can be saved by a definitive determination. Were this court empowered by the rules of appellate procedure to certify the question as resolved by the foregoing portions of this order, then the court would do so because the court is convinced that large sums of money in attorney's fees and costs of litigation and expenditure of judicial labor at both the trial and the appellate levels can be saved by appellate determination prior to trial. Absent authority to certify, however, this court anticipates that review will sought by way of common law certiorari ...
In its petition, Continental makes a similar argument as to why this court should accept jurisdiction and review the trial court's order, that is, that if the ruling on damages is incorrect, the matter would have to be re-tried after an appeal and at great expense to the parties. Respondent JTA has filed an "initial response" to the petition echoing this view and asking this court to resolve the dispute on the merits. We find we cannot.
It is axiomatic that a petitioner seeking relief from an appellate court by the writ of common law certiorari must demonstrate two elements, that the lower tribunal's order constitutes a departure from the essential requirements of law and that it may cause material injury for which the remedy by appeal will be inadequate. Esman v. Board of Regents, 425 So.2d 156 (Fla. 1st DCA 1983). It is also well-established, however, that potential waste of time and money which would be incurred if a trial court error is not corrected before trial is not that type of injury. Hawaiian Inn v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981); Ford Motor Co. v. Nelson, 355 So.2d 158 (Fla. 4th DCA 1978); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). The most recent pronouncement from the Supreme Court of Florida on certiorari jurisdiction suggests, if anything, the district courts of this state should be even more conservative in accepting certiorari jurisdiction to review interlocutory orders than they have been in the past. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
Upon consideration of the above, the petition for writ of certiorari is denied on jurisdictional grounds.
ERVIN, WENTWORTH and BARFIELD, JJ., concur.