665 So.2d 1142 (1996)
Armando RIANO, Petitioner,
v.
HERITAGE Corporation of South Florida, a Florida Corporation, Respondent.
No. 95-3035.
District Court of Appeal of Florida, Third District.
January 10, 1996.
*1143 Brumer, Cohen, Logan, Kandell & Kaufman and Allan Cohen; Karen J. Haas, Miami, for petitioner.
Greer, Homer & Bonner and R. Lawrence Bonner, Miami, for respondents.
Before BARKDULL, NESBITT and GODERICH, JJ.
BARKDULL, Judge.
Petitioner Riano seeks certiorari review of a trial court order precluding testimony of insurance coverage in a malicious prosecution action.
Riano appraised land upon which Heritage placed a mortgage. Heritage acquired private mortgage guaranty insurance with United Guaranty. When the property owner defaulted, Heritage made a claim for payment. United Guaranty denied the claim and rescinded the policy.[1] Heritage then sued Riano alleging that he falsely and fraudulently prepared the appraisal report thereby inducing Heritage into closing the mortgage. A jury heard the case and found for Riano.
Subsequently, Riano sued Heritage for malicious prosecution. The parties stipulated that the denial of insurance coverage would be an issue for trial. On the first morning of trial, Heritage submitted a Motion in Limine to preclude testimony regarding insurance coverage. Heritage contended that the fact of whether or not there was insurance coverage was a collateral issue and that the jury would be confused by such testimony. The trial court granted the motion.[2] The parties then conferred and entered into a stipulation. They agreed that the testimony regarding insurance was critical to the case and that it would be a waste of time to try the case subject to the court's ruling. They agreed that they would appeal the order and if the Third District Court of Appeal affirmed the ruling, then the case would be dismissed with prejudice, with Heritage paying the sum of $1,000 to Riano.[3] This petition for a writ of certiorari followed.
We first recognize that "common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla. 1987). A non-final order that is not appealable under Florida Rule of Appellate Procedure 9.130 is reviewable by petition for certiorari only where it departs from the essential requirements of law, causing material injury to the petitioner that would be irreparable by way of appeal at the conclusion of the case. Id. at 1099. The First District has recognized that the Florida *1144 Supreme Court's more recent pronouncements on certiorari suggest, "if anything, the district courts of this state should be even more conservative in accepting certiorari jurisdiction to review interlocutory orders than they have been in the past". Continental Equities, Inc. v. Jacksonville Transp. Auth., 558 So.2d 154, 155 (Fla. 1st DCA 1990) citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
In cases involving pretrial evidentiary rulings, the writ is reserved for those situations where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983). The court in Combs elaborated on this standard by stating that the courts, in the exercise of their discretion, should be more concerned with the seriousness of the legal error rather than the existence of mere error. Id. at 95. In addition to demonstrating more than mere error, the petitioner must also show that the order challenged would cause a material injury that could not be remedied on appeal from final judgment. The latter is an important element because a district court may find that there has been a departure from the essential requirements of law and yet refuse to grant the petition if the petitioner cannot demonstrate that he will suffer an irreparable, material injury. Combs at 96.
Orders granting discovery have traditionally been reviewed by certiorari in cases where discovery has been wrongfully granted and the information sought is of the cat-out-of-the-bag type or is protected by a privilege or privacy interest. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995). The injury suffered in these cases is the disclosure of the information itself, since once divulged, it cannot be retracted and the petitioner would have no effective remedy even if the case were reversed on appeal.
In contrast, in cases where the lower court denies discovery of certain information, certiorari is rarely granted because the harm from such orders can generally be rectified on appeal. Ruiz v. Steiner, 599 So.2d 196, 197 (Fla. 3d DCA 1992). In the rare cases where certiorari is granted, the petitioner has met the heavy burden of demonstrating irreparable injury by showing that without an order compelling discovery, information critical to the case would never be known and would not be available to the appellate court for review.[4] The lack of the information sought in these cases would have effectively prevented litigation of the case and there would have been "no practical way to determine after judgment what the testimony would be or how it would affect the result." Travelers Indem. Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980).
In this case, the facts concerning the alleged fraudulent appraisal have been extensively litigated and are already in the record. This is not a situation where the facts necessary to litigate the case will never be known unless the testimony is admitted into evidence. It is also not a case in which the order violates a fundamental right causing harm that could not be remedied on appeal. The fact that without such testimony a party would be unlikely to prevail is not sufficient, in our view, to cause irreparable injury.
In addition, the trial court judge stated that when the time came during the trial for testimony regarding insurance coverage, counsel could proffer it and he would rule on *1145 admissibility at that time.[5] This procedure is entirely proper and serves two important purposes. First, it allows the trial judge to consider all of the testimony and evidence submitted up to that point and provides an opportunity to reevaluate the correctness of the ruling on the Motion in Limine. Charles W. Erhardt, Florida Evidence s 104.3 (1995). Second, it serves to place the proffered testimony in evidence and make it available for review by an appellate court. Id.
In criminal cases involving lower court orders precluding certain testimony or evidence at trial, the state is often able to show irreparable injury because it does not have the right to appeal from the final judgment. See State v. Pettis, 520 So.2d 250 (Fla. 1988). However, in civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal. The caselaw is clear that "[c]ertiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial." Whiteside v. Johnson, 351 So.2d 759, 760 (Fla. 2d DCA 1977). See also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987) (litigation of a non-issue and inconvenience and expense of same not the type of harm sufficient to permit certiorari review); Continental Equities, Inc. v. Jacksonville Trans. Auth., 558 So.2d 154 (Fla. 1st DCA 1990) (fact that if ruling on damages was incorrect, matter would have to be retried after appeal and at great expense to the parties did not entitle petitioner to writ of certiorari to review the ruling); Kessel Constr. Corp. v. Clark-Haney Dev. Team, 487 So.2d 1123 (Fla. 4th DCA 1986) (Glickstein, J., concurring) (cost of trial and appeal is not the kind of damage certiorari is intended to forestall); Leibman v. Sportatorium, Inc., 374 So.2d 1124 (Fla. 4th DCA 1979) (fact that petitioner might have to go through a needless trial did not constitute material injury of an irreparable nature); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975) (fact that petitioner would have gone through trial under the burden of the order complained of, would incur substantial expenses for experts and case might need to be retried was not sufficient to show irreparable harm).
In this case, the statements of the parties[6] and the agreed settlement if the ruling is affirmed illustrate perfectly the type of situation that the writ of certiorari is not intended to remedy. It appears that both parties are seeking a ruling from this court in the hope that they will be saved the time and expense of a trial. This is an impermissible use of the writ of certiorari.
It has also been stated that an appellate court in considering a petition for a writ of certiorari to review an interlocutory order at law should exercise caution not to intrude upon the trial jurisdiction of the court whose order is challenged, as "it is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case." Girten v. Bouvier, 155 So.2d 745, 748 (Fla. 2d DCA 1963) citing Board of Comm'rs of State Inst. v. Tallahassee Bank & Trust Co., 101 So.2d 411 (Fla. 1st DCA 1958). This is yet another sound reason for the policy of granting the petition in only those rare circumstances where the injury would be truly irreparable.
The petitioner also contends that because the relevancy of the testimony regarding insurance coverage was stipulated to prior to trial, the respondent has waived any objections to its admissibility. However, those points, if valid, merely provide legal support for the petitioner's position. They do not establish that any potential injury would be irreparable.
In summary, the petitioner has not demonstrated that he will be irreparably harmed if the lower court order is allowed to stand. Any alleged injury is entirely speculative at this point. He will be permitted to proffer the testimony concerning insurance coverage during trial, outside the presence of the jury, and the trial judge will rule on admissibility at that time. If the ruling excluding the evidence is sustained, then the testimony will *1146 be placed in the record for this court to review if an appeal is taken. The petitioner has offered no facts substantiating his claim that the desired testimony will never be known absent a ruling by this court. We wish to emphasize that it is not the function of this court to review interlocutory orders in order to save the litigants the time and expense of a trial.
Therefore, in the exercise of our discretion, we decline to entertain the petition.
NOTES
[1] United Guaranty wrote a letter to Heritage which stated in part that,

It has come to our attention that the documentation and information upon which United Guaranty Residential Insurance Company of Iowa, Inc. (United) agreed to insure the above-referenced loan, which has now resulted in a claim, included material misrepresentations and concealments on the part of the borrowers or other persons assisting in the procurement of the loan.
Had the facts, as they actually existed, been known to us, this loan would not have qualified for insurance at the outset, and thus would not have been accepted for insurance.
[2] The transcript contains the following exchange:

THE COURT: I've granted the Motion in Limine to preclude testimony regarding insurance coverage.
MR. A. COHEN: Well, are you saying now that I can't bring in insurance lawyers and the fact that he sued the insurance company and that they sent him a letter that there was nothing wrong with the appraisal?
THE COURT: You may be precluded from doing that, depends on when you bring that person forward. At that time that person will proffer to me what he's going to say.
[3] The relevant portions of the transcript read as follows:

MR. BONNER: What we would like to do is this, we would like The Court to certify certain matters for disposition by the Third DCA. And I'll articulate all those matters, but in terms of this Motion in Limine on the private mortgage insurance, which the Court just ruled on, we have agreed that if the Third DCA affirms your ruling, then the case will be dismissed with prejudice by virtue of Heritage Corporation of South Florida paying $1,000 to Armando Riano.
.....
And for us to try this case and then take it up would be a waste of everybody's time.
.....
So we decided it would be better to send it up rather than waste everybody's time.
[4] See e.g. Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992) (petition granted because denial of motion to compel physicians to answer questions regarding autopsy reports were not privileged and petitioner would have not remedy on appeal); Travelers Indem. Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980) (petition granted because denial of the right to take testimony of an alleged material witness could not be remedied on appeal); Criswell v. Best Western Int'l Inc., 636 So.2d 562 (Fla. 3d DCA 1994) (petition granted because denial of motion to compel discovery involved information for which there was no substitute); Carroll Contracting, Inc. v. Edwards, 528 So.2d 951 (Fla. 5th DCA 1988), review denied 536 So.2d 243 (Fla. 1988) (certiorari appropriate to review order denying petitioner the right to subpoena photographs that were necessary and critical to the lawsuit); Marshall v. Anderson, 459 So.2d 384 (Fla. 3d DCA 1984) (certiorari proper to review order precluding discovery of identity of speakers in a defamation action based upon a non-existent privilege because it rendered it impossible for the plaintiff to determine the basic elements of the cause of action).
[5] See supra note 2.
[6] See supra note 3.