672 So.2d 93 (1996)
Dusan SABOL, M.D., et al., Petitioners,
v.
Robert Dale BENNETT, Respondent.
No. 95-3104.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford and Constantine G. Nickas, Miami, for petitioners.
Sheldon J. Schlesinger and Paul J. Lane, Fort Lauderdale, for respondent.
Before NESBITT, LEVY and GERSTEN, JJ.
NESBITT, Judge.
This case arises out of a medical malpractice action instituted by the respondent, Robert Dale Bennett, against the petitioner, Dr. Dusan Sabol, and several other health care providers. On May 9, 1995 counsel for two of Sabol's codefendants deposed Bennett's live-in girlfriend, Debra Boudreau. During the course of the deposition, Bennett's counsel instructed Boudreau not to answer any questions regarding, among other things, Bennett's prior Veterans Administration hospitalizations, supposedly caused by Bennett's substance abuse.[1]
*94 The defendants terminated the deposition and filed a motion to compel and for sanctions. On June 29, 1995 the trial court entered an order disposing of this motion, as well as various motions for protective orders filed by Bennett. The court's order denied the motions for protective orders and the motion for sanctions. Additionally, it specifically provided that Boudreau's deposition should proceed and that the defendants could inquire as to Bennett's VA hospitalization which was allegedly occasioned by drug use.
On July 11, 1995, Sabol's counsel conducted their deposition of Boudreau. This time, Sabol's counsel terminated the deposition after Bennett's counsel again repeatedly instructed Boudreau not to answer any questions regarding any alleged prior drug and/or alcohol use by Bennett. Petitioners then filed a motion to compel compliance with the earlier order of June 29, 1995. The trial court, on October 3, 1995, denied this motion and ordered that further questioning of Boudreau would only take place with leave of court and after the filing of legal memoranda describing the proposed areas of questioning. It is this order which the petitioners ask us to review by way of common law certiorari.
"[T]he very first consideration underlying a petition for common law certiorari review of nonfinal orders in civil cases is, of necessity, an assessment of jurisdiction." The Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA Mar. 20, 1995). "[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995).
This court has previously recognized that an order which has the effect of denying a party the right to depose an alleged material witness inflicts the type of harm that cannot be corrected on appeal since "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Medero v. Florida Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995) (quoting Travelers Indemnity Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980)); see also Criswell v. Best Western Int'l, Inc., 636 So.2d 562, 563 (Fla. 3d DCA 1994); Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992). Petitioners correctly point out that Boudreau is a material witness on both liability and damage issues. She was with Bennett when he was seen by Sabol in July of 1992, she dated him since 1990, and lived with him since 1991. Accordingly, this court has jurisdiction to determine whether the order departs from the essential requirements of law.
Rule 1.280(c) of the Florida Rules of Civil Procedure provides that the court may restrict or deny discovery "for good cause shown." Bennett's counsel made no such affirmative showing and the materials in the appendices reveal no such finding was made by the trial court. Consequently, the order in question departs from the essential requirements of law. Medero, 658 So.2d at 567; Travelers Indem. Co., 388 So.2d at 650.
In his response to our order to show cause, Bennett argues that the defendants' questions regarding his prior alleged drug and/or alcohol abuse were not reasonably calculated to lead to the discovery of admissible evidence. We disagree. Under certain very limited circumstances courts have approved the admissibility of a plaintiff's prior drug and/or alcohol use. See Botte v. Pomeroy, 497 So.2d 1275 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 15 (Fla.1987);[2]Clausell v. *95 Buckney, 475 So.2d 1023 (Fla. 1st DCA 1985) (stating that evidence of marijuana use before and after accident admissible to establish neck pain was preexisting condition); see generally Kramer v. J.I. Case Mfg. Co., 62 Wash.App. 544, 815 P.2d 798, 805-07 (1991); Michael J. Yaworsky, Annotation, Admissibility of Evidence, in Action for Personal Injury or Death, of Injured Party's Use of Intoxicants or Illegal Drugs on Issue of Life Expectancy, 86 A.L.R.4th 1135 (1991). We of course express no opinion as to the admissibility of any such evidence in this case as that is a matter to be decided by the trial court when and if it is appropriately presented with the issue. We caution the court, however, that "[s]uch evidence, to be admissible, should be demonstrated to relate to the relevant issues and not be used solely to create prejudice in the minds of the jurors. See § 90.403, Fla.Stat. (1983)." Botte, 497 So.2d at 1279.
The petition for writ of certiorari is granted. The order denying petitioners' motion to compel compliance with the previous order of June 29, 1995 and providing that Boudreau's deposition would only proceed with leave of court is quashed. The cause is remanded for further proceedings consistent with this opinion.
NOTES
[1] On November 13, 1995, this court, in case No. 95-2705, denied Bennett's petition for certiorari review of a lower court order that rejected his claims of privilege with respect to information regarding his VA hospitalization.
[2] Then Judge Anstead wrote: "Ordinarily, we would disapprove the use of evidence of a party's prior experience with drugs as a teenager on the issue of future earnings.... However, in this case the appellant was injured while still a teenager and by that time had not carried on any useful employment or other activity which would demonstrate a break with the past.... Under these particular circumstances, the court on retrial may permit the defendants to rebut evidence of Botte's future earning capacity with carefully circumscribed questions relating to his means of support prior to the accident." Id. at 1278-79.