695 So.2d 763 (1997)
Andres CARRERA and Cast Mar, Inc., Petitioners,
v.
Rosa CASAS, Jorge Luis Casas, and Luis Casas, Respondents.
No. 97-337.
District Court of Appeal of Florida, Third District.
April 9, 1997.
Rehearing Denied July 2, 1997.
*764 Angones, Hunter, McClure, Lynch & Williams, P.A., and Christopher Lynch, Miami, for petitioners.
David L. Deehl, Miami, and Michele K. Feinzig, Plantation, for respondents.
Before JORGENSON, COPE and FLETCHER, JJ.
JORGENSON, Judge.
Andres Carrera and Cast Mar, Inc. are defendants in a negligence action arising from an automobile accident; they seek review of an order compelling production of certain documents.[1] For the reasons that follow, we grant the petition and quash the order under review.
The defendants, over plaintiffs' objection, obtained permission from the trial court to conduct three Independent Medical Examinations of the plaintiff beyond the discovery cut-off date. Casas then sought discovery relating to the newly disclosed experts who would be conducting the IMEs. The requests for production asked the defendants, through their attorneys, to provide various documents relating to other cases in which the newly-listed experts had been "involved."
Defendants filed objections on multiple grounds, including that the requests were overbroad, asked for work product, and were burdensome and harassing. Defendants also objected on the grounds that they did not keep files in ways that would allow them to compile the information requested, and that compiling the information would require them to review all of their open files and all of their files that were in storage.
Plaintiffs also propounded interrogatories to defendants and their attorneys that sought additional information about the experts and the income that the experts derived from serving as expert witnesses.
Defendants objected to these interrogatories as outside the scope of rule 1.280(b)(4)(A)(iii), and sought a protective order from the court. The court denied the motion for a protective order, and in doing so, departed from the essential requirements of law.
*765 Both rule 1.280(b)(4)(A)(iii) and Elkins v. Syken, 672 So.2d 517 (Fla.1996), from which the rule was derived,[2] allow limited discovery from an opponent's expert witness in order to determine that witness' probability of bias. All eight of the criteria to be followed in seeking financial information from opposing medical experts, listed in Elkins and adopted by the supreme court in the commentary to rule 1.280, refer to matters directed to that expert witness, not to the parties or their attorneys. The information sought by the plaintiffs in this case does not fall within the limited parameters set forth in Elkins, and is directed to the parties, rather than the experts themselves.
Petition for certiorari granted; order quashed; cause remanded for further proceedings consistent with this opinion.
NOTES
[1] Certiorari is the proper method by which to seek review of discovery orders. Fortune Ins. Co. v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993).
[2] "Accordingly, we approve the opinion of the district court in its entirety. We also conclude that the district court's criteria should be included as commentary to Florida Rule of Civil Procedure 1.280." Elkins, 672 So.2d 517, 522.