731 So.2d 38 (1999)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Michelle MAZZORANA, Appellee.
No. 97-2208.
District Court of Appeal of Florida, Fourth District.
March 10, 1999.
As Clarified April 21, 1999.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for appellant.
David J. Glatthorn of David J. Glatthorn, P.A., and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellee.
POLEN, J.
Allstate Insurance Company ("Allstate") timely appeals from an amended final judgment and award of attorney's fees and costs in favor of Michelle Mazzorana. Of the nine points it raises on appeal, we reverse on one. We hold that the trial court abused its discretion when it excluded Allstate's sole dental expert from testifying at trial.

I. Facts
This is an appeal following the second trial in this uninsured motorist benefits action brought by Mazzorana against Allstate, the first trial having ended in a mistrial. The case stemmed from an automobile accident occurring on July 31, 1994, whereby Mazzorana hit a car that was stopped on 1-95 due to debris in the road negligently left by a phantom motorist. Based on the accident, she claimed injuries to her neck, back, knee, and jaw.
Prior to this accident, she had injured her neck, back and jaw in accidents in 1984 and 1989. She suffered permanent impairment to the neck and back as a result of the 1984 and 1989 accidents, as well as permanent impairment to her jaw as a result of the 1989 accident.
Before the first trial, she successfully moved in limine to exclude all references to her prior litigation. Thereafter, she dropped her claim for damages based on her neck and back injuries. After the first trial resulted in a mistrial, she renewed the motion in limine, and also moved to exclude all references to her prior impairment ratings and her neck and back injuries. *39 Over Allstate's objections, the trial court granted both motions.
During discovery before the first trial, Allstate's sole dental expert, Dr. Reda Abdel-Fattah, opined that jaw problems Mazzorana claimed resulted from the 1994 accident actually pre-existed that accident. Mazzorana deposed Dr. Abdel-Fattah regarding how many times he had been referred people for defense medical examinations, what percentage of his practice involved performing such examinations, and what percentage of his income was derived from performing these examinations. Dr. Abdel-Fattah refused to provide specific answers to such questions. Mazzorana subsequently deposed his records custodian upon written questions regarding the identity of each case in which the doctor had testified by deposition or trial for the last three years. He answered the question by claiming that the "collection of the names of these cases would be a hardship," and that screening these cases to answer the questions "would be a tremendous hardship to patient's [sic] care and practice."
On the eve of the second trial, Mazzorana moved to exclude Dr. Abdel-Fattah as a witness based on the inadequacy of his answers in discovery. The trial court granted her motion.
After trial, the jury found in favor of Mazzorana and awarded her $225,479 in damages, $129,000 in attorney's fees, $500 in expert fees, and $24,731.27 in costs. Following denials of its motions for new trial, remittitur and directed verdict, All-state appealed.

II. Discussion
Elkins v. Syken, 672 So.2d 517 (Fla.1996), governs the appropriate scope of discovery necessary to impeach the testimony of an opponent's expert medical witness, based on volume of examinations performed for, or testimony given on behalf of, a particular side in personal injury cases. In Elkins, the court held that a medical expert may be required to identify specifically each case in which he or she has actually testified, whether by deposition or at trial, going back a reasonable period of time, normally three years. Id.; see also Fla. R. Civ. P. 1.280(b)(4)(A)(iii). Should an expert falsify, misrepresent, or obfuscate the required data, the aggrieved party, among other remedies, may move to exclude the witness from testifying. Id. Nevertheless, excluding the testimony of a witness is one of the most drastic of remedies which courts, in their discretion, should invoke only under the most compelling of circumstances. Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla. 1981).
Mazzorana contends that, under Elkins, the court did not abuse its discretion in barring testimony from Dr. Abdel-Fattah based on his incomplete answers to the deposition questions and interrogatories. While we agree that, under Elkins, Dr. Abdel-Fattah must provide the requested information, we still reverse. Absent a prior finding that Dr. Abdel-Fattah was in contempt or that he violated some other court order regarding this discovery, we hold it was an abuse of discretion for the trial court to exclude him from testifying at trial. See Cooper v. Lewis, 719 So.2d 944, 23 Fla. L. Weekly D2212 (Fla. 5th DCA 1998) (reversing the striking of defense's expert witness under Elkins where the trial court did not first find the witness in contempt nor compel him to provide the requested information).
Because we are reversing based on Dr. Abdel-Fattah's exclusion at trial, we do not need to reach the other issues raised by Allstate on appeal. Nevertheless, we find that one issue merits some further discussion. Specifically, Allstate argues that the trial court erred in excluding testimony regarding Mazzorana's prior permanent impairment ratings to her jaw, neck and back. It reasons that, without this evidence, the jury had no way of determining the degree of permanent injury solely as a result of the 1994 accident. *40 Although we would not have reversed solely on this issue raised, we agree that such evidence would tend to reflect upon the degree of total disability Mazzorana had sustained prior to the accident at bar, and would be relevant as to any claims she may have as to future damages.
In this regard, we note that this testimony relating to her prior impairment ratings, and that relating to her prior litigation, are not necessarily mutually exclusive. Thus, it would be permissible for the court to exclude references to her prior litigation while, at the same time, admitting testimony as it relates to her prior impairment ratings.
Accordingly, we reverse and remand this case for a new trial on the issue of damages only, since Allstate has not contested its liability to Mazzorana on appeal.
REVERSED and REMANDED for a new trial in accordance with this opinion.
STEVENSON and HAZOURI, JJ., concur.

ON MOTION FOR CLARIFICATION
POLEN, J.
Allstate has filed a motion for clarification. We grant the motion in part. Because we have reversed this case for a new trial on the issue of damages, we necessarily reverse the final judgment for attorney's and expert witness fees and costs awarded in favor of Mazzorana. See § 768.79, Fla. Stat. (1997); Nathanson v. Houss, 717 So.2d 114 (Fla. 4th DCA 1998).
STEVENSON and HAZOURI, JJ., concur.