781 So.2d 1128 (2001)
CONSORTIUM FOR DIAGNOSTICS, INC., Appellant,
v.
CIGNA INSURANCE COMPANY, Appellee.
No. 3D99-2260.
District Court of Appeal of Florida, Third District.
February 21, 2001.
Certification Denied April 25, 2001.
Zebersky Payne & Kushner, Hollywood; Sheftall and Torres, Miami, and Brian M. Torres, for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, Miami, and James M. Kaplan and Sara J. Sanders, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
PER CURIAM.
Consortium for Diagnostics, Inc. ("Consortium"), appeals from the lower court's *1129 non-final order granting a motion to dismiss of Cigna Insurance Company, n/k/a ACE American Insurance Company ("Cigna"), and staying the proceedings pending completion of arbitration mandated by section 627.736(5), Florida Statutes (1995). Based upon the authority of Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla.2000), which declared the arbitration clause of section 627.736(5) unconstitutional, we reverse.
Consortium brought a class action suit against Cigna for failure to pay statutory interest due upon late payment of personal injury protection (PIP) claims. Cigna responded to the complaint by filing a motion to dismiss, which it subsequently amended to allege that this case should be arbitrated. The trial court granted Cigna's motion and ordered the case stayed pending arbitration. During the pendency of this appeal, the Supreme Court of Florida declared the mandatory arbitration provision of section 627.736(5) unconstitutional, finding that it violated the medical providers' right of access to courts provided under article I, section 21 of the Florida Constitution. Pinnacle Medical, 753 So.2d at 57.
Cigna maintains that Consortium waived its right to challenge the constitutionality of section 627.736(5) by failing to raise this matter below. Relying upon Smith v. State, 598 So.2d 1063 (Fla.1992), and Clay v. Prudential Insurance Co. of America, 670 So.2d 1153 (Fla. 4th DCA 1996), Cigna argues that to benefit from the change in the law while the case is pending on appeal, Consortium must first have raised its objection at the trial level. However, both Smith and Clay concerned a party's failure to preserve an issue in the trial court prior to entry of a final judgment that preceded a subsequent change in the law. By contrast, the order compelling arbitration in this case was an interlocutory ruling, subject to reconsideration by the trial court at any time prior to entry of a final order in this cause. See Andrews v. McGowan, 739 So.2d 132, 135 (Fla. 5th DCA 1999); Tavormina v. Timmeny, 561 So.2d 681, 684 (Fla. 3d DCA 1990); Bettez v. City of Miami, 510 So.2d 1242 (Fla. 3d DCA 1987).
As the Florida Supreme Court has now held that the legislature was without authority to enact section 627.736(5) and abolish the medical provider's right of access to courts, the lower court's non-final order compelling Consortium to participate in arbitration pursuant to this section cannot stand. See Magnetic Imaging Sys. I, Ltd. v. Auto-Owners Ins. Co., 775 So.2d 348 (Fla. 3d DCA 2000)(granting certiorari and quashing orders denying motions for reconsideration of orders compelling arbitration pursuant to section 627.736(5)). As we find this issue dispositive, we do not reach Consortium's remaining points on appeal. Accordingly, we reverse the order under review and remand this matter to the trial court for further proceedings.
Reversed and remanded.