805 So.2d 1024 (2001)
Jose L. Torres SARDINAS, Petitioner,
v.
Claridania LAGARES, et al., Respondents.
No. 3D01-2309.
District Court of Appeal of Florida, Third District.
December 26, 2001.
Rehearing Denied February 26, 2002.
*1025 Hightower, Rudd, Weiser & Acosta, P.A., and Peter A. Diamond, Miami; Richard A. Sherman, Fort Lauderdale, for petitioner.
Samole & Berger, P.A., and Martin I. Berger, Miami, for respondents.
Before JORGENSON, GREEN, and RAMIREZ, JJ.
JORGENSON, Judge.
The petitioner, the defendant below, seeks certiorari review of an order striking an independent medical examiner, Dr. Glatzer, for failing to produce nonexistent documents. The trial court ordered Dr. Glatzer to produce the documents three times, and each time Dr. Glatzer responded that he did not keep such records. The trial court then struck Dr. Glatzer as a witness. Petitioner seeks certiorari review of the order striking Dr. Glatzer, arguing that the underlying orders[1] compelling him to produce nonexistent documents were an abuse of discretion. We deny the petition.
The writ of certiorari is reserved for those situations where the order results in a material injury which cannot be corrected on appeal and departs from the essential requirements of the law. See, e.g., Riano v. Heritage Corp. of South Florida, 665 So.2d 1142, 1143-1145 (Fla. 3d DCA 1996) (denying certiorari review of order precluding testimony of insurance coverage). "The first two factors are jurisdictional, and an assessment of jurisdiction must be made prior to reaching the third." Beekie v. Morgan, 751 So.2d 694, 698 n. 4 (Fla. 5th DCA 2000); see also Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998) ("[I]t is settled law that, as a condition precedent to invoking a district court's certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal.").
The petitioner has failed to demonstrate that he will suffer irreparable harm if the interlocutory order striking Dr. Glatzer is permitted to stand. In Riano, this court noted that:
"[i]n criminal cases involving lower court orders precluding certain testimony or evidence at trial, the state is often able to show irreparable injury because it does not have the right to appeal from the final judgment. However, in civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal."
665 So.2d at 1145. The possibility of having to try a case twice does not constitute irreparable harm. See Jaye, 720 So.2d at 215; Riano, 665 So.2d at 1144-1145. Petitioner makes no argument, or even an allegation, that he was irreparably harmed by the order striking Dr. Glatzer, or that *1026 any harm cannot be remedied on appeal.[2] Accordingly, we lack jurisdiction to review the order striking Dr. Glatzer.
The dissent mistakenly relies on cases holding that "[i]n circumstances involving the denial of the right to take testimony of an alleged material witness,... such a denial cannot be remedied on appeal since `there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.'" Medero v. Florida Power & Light Co., 658 So.2d 566 (Fla. 3d DCA 1995) (quoting Travelers Indemnity Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980)) (emphasis added); see also Lifemark Hospitals of Florida, Inc. v. Hernandez, 748 So.2d 378, 379 (Fla. 3d DCA 2000) (granting certiorari and quashing order prohibiting the deposition of a medical expert where the expert's "testimony is material to the central issue in this case."); Sabol v. Bennett, 672 So.2d 93 (Fla. 3d DCA 1996); Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992). A material witness is one who possesses information "going to some fact affecting the merits of the cause and about which no other witness might testify." Wingate v. Mach, 117 Fla. 104, 157 So. 421, 422 (1934) (emphasis added); see also State ex rel. Slora v. Wessel, 403 So.2d 496 (Fla. 4th DCA 1981) (Hurley, J., concurring specially). As the petitioner has not even alleged that Dr. Glatzer is a material witness, the cases cited by the dissent are inapposite.[3]
Our denial of the petition is expressly without prejudice to the trial court's reconsideration of its ruling. See Pascual v. Dozier, 771 So.2d 552, 554 (Fla. 3d DCA 2000) ("The exclusion of the testimony of expert witnesses must be carefully considered and sparingly done."); Allstate Ins. Co. v. Mazzorana, 731 So.2d 38, 39 (Fla. 4th DCA 1999) ("Absent a prior finding that [the medical expert] was in contempt or that he violated some other court order regarding this discovery, we hold it was an abuse of discretion for the trial court to exclude him from testifying at trial."); Cooper v. Lewis, 719 So.2d 944, 945 (Fla. 5th DCA 1998) (reversing the striking of defense's expert witness under Elkins v. Syken, 672 So.2d 517 (Fla.1996) where the trial court did not first find the witness in contempt or in violation of "an appropriate court order") (emphasis added); see also Consortium for Diagnostics, Inc. v. Cigna Ins. Co., 781 So.2d 1128 (Fla. 3d DCA 2001) (holding that an interlocutory ruling is subject to reconsideration at any time prior to entry of a final ruling).
Petition denied.
GREEN, J., concurs.
RAMIREZ, J. (dissenting)
I respectfully dissent from our decision denying the petition for certiorari because *1027 I disagree that the petitioner failed to demonstrate irreparable harm.
The plaintiff issued a subpoena duces tecum for deposition to the records custodian for Dr. Richard Glatzer, requesting "a list of all cases for which you [Dr. Glatzer] have worked in the years 1998, 1999, 2000, and 2001 up until the date of this subpoena, indicating for each case, whether you were hired by the Plaintiff or by the Defendant in that case, and further list by name[,] address, file number and case number, each case in which you were hired or retained in any capacity by the Defendant's attorneys Hightower & Rudd, P.A., during the same period." Additionally, the plaintiff requested "a list of all cases by parties and case number, for the years 1998, 1999, 2000, and 2001, in which you have testified by deposition or at trial." The defendant moved for a protective order, which the trial court granted in part and denied in part, ordering production of the documents subpoenaed for the year 2000.
Dr. Glatzer filed an affidavit explaining that he did not keep a list of cases that indicated whether a plaintiff or defendant retained him, nor a list indicating which cases involved Hightower & Rudd, nor a list of cases in which he had testified by deposition or at trial. After the plaintiff moved to strike Dr. Glatzer, the court ordered more complete answers within 10 days. When these were not forthcoming, the court struck Dr. Glatzer.
It is clear that the discovery order departed from the essential requirements of law. See Olivas v. Bravo, 795 So.2d 103, 103-104 (Fla. 3d DCA 2001) ("We quash the order under review, which improperly requires the defendants' liability insurance carrier and their attorneys to produce information relating to a frequently employed independent medical examiner which was not only overly burdensome and irrelevant but is reflected in records which do not exist and which the company was erroneously required to create.").
It is equally clear that if the defendant had petitioned for a writ of certiorari when the trial court first ordered the creation of these burdensome, irrelevant, and non-existent lists, we would have readily granted it. See id. (citing LeJeune v. Aikin, 624 So.2d 788 (Fla. 3d DCA 1993); Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla. 1999); and Syken v. Elkins, 644 So.2d 539 (Fla. 3d DCA 1994)). See also Mount Sinai Med. Ctr. of Fla., Inc. v. Lakhani, 775 So.2d 1011 (Fla. 3d DCA 2001) (granting certiorari and quashing an order directing an expert witness to disclose the amount of money she earns from an expert witness service); State Farm Mut. Auto. Ins. Co. v. Adair, 722 So.2d 958 (Fla. 3d DCA 1998)(quashing a discovery order compelling the insurance carrier to produce an affidavit setting forth the amount paid to its expert physician for medical exams and treatment in other cases for the past three years). See also Carrera v. Casas, 695 So.2d 763 (Fla. 3d DCA 1997), disapproved on other grounds, Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla. 1999); Fortune Ins. Co. v. Santelli, 621 So.2d 546, 547 (Fla. 3d DCA 1993).
In Vega v. CSCS International, N.V., 795 So.2d 164 (Fla. 3d DCA 2001), we granted certiorari where the trial court struck the plaintiff's treating physician because he performed back surgery before the defendant could provide Vega with a second opinion as to whether or not the surgery was necessary. Although the issue of irreparable harm was not discussed, there is ample support in the case law for granting certiorari when a material witness is stricken. Lifemark Hospitals of Florida, Inc. v. Hernandez, 748 So.2d 378, 380 (Fla. 3d DCA 2000) (granting certiorari where the testimony was material to the *1028 central issue in the case). In Sabol v. Bennett, 672 So.2d 93, 94 (Fla. 3d DCA 1996), we stated that "an order which has the effect of denying a party the right to depose an alleged material witness inflicts the type of harm that cannot be corrected on appeal since `there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.'" Likewise, in our case, there will be no practical way to evaluate Dr. Glatzer's testimony on appeal.
In Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999), the supreme court recognized that there are two types of discovery orders reviewable by certiorari. One is the "cat out of the bag" type of discovery order. The other is an order which "departs from the essential requirements of law, and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal." It would seem axiomatic that an order which strikes a material witness is of this latter type.
In our case, the expert witness failed to comply with an order which was clearly erroneous. The majority would deny relief because the petitioner can no longer demonstrate irreparable harm. The plaintiff has suggested that the defendant can simply hire a different doctor to perform another orthopedic medical examination. According to the plaintiff, there is no harm in a delay of a few more months as Dr. Glatzer's examination did not occur until twenty-seven months after the initial injury. The plaintiff therefore contends that testimony concerning a new examination conducted four years after the accident is an adequate substitute for Dr. Glatzer's testimony.
This argument ignores the fact that the defendant must now pay for an additional evaluation if he wishes to have an orthopedic surgeon testify at trial. Moreover, there is nothing to prevent the plaintiff from requesting that this new expert compile the same lists of cases, or the trial court from ordering such a compilation or risk being stricken.
Additionally, the defendant could be left without a remedy after trial. If the defendant hires a new expert who testifies at trial, he may not be able to appeal the striking of his initial expert, as he may be deemed to have waived the argument. The plaintiff could also argue that striking the expert was harmless error as the defendant was able to present the testimony of its new orthopedic expert.
For these reasons, I would grant certiorari review and quash the order striking Dr. Glatzer.
NOTES
[1] The petition is devoted almost entirely to the merits of the underlying orders compelling Dr. Glatzer to produce nonexistent documents. We are without jurisdiction to review the discovery orders, however, because the petitioner did not timely seek review of them. See Fla. R.App. P. 9.100(c).
[2] Instead, the petitioner argues that the underlying discovery orders caused irreparable harm. As stated in footnote 1, the petitioner did not seek timely review of those orders.
[3] In cases where the exclusion of a non-material witness was reviewed on plenary appeal, there was simply no need for the appellate court to determine what the testimony would have been or how it would have affected the result. Such a determination would have been irrelevant to the issue of whether the court erred in striking the expert. See, e.g., Cooper v. Lewis, 719 So.2d 944 (Fla. 5th DCA 1998) (reversing and remanding for new trial after the trial court improperly struck defense expert from the witness list for a discovery violation); Allstate Ins. Co. v. Mazzorana, 731 So.2d 38 (Fla. 4th DCA 1999) (same); cf. Hernandez v. State, 572 So.2d 969 (Fla. 3d DCA 1990) (reversing conviction where the trial court improperly excluded a witness as a sanction for the defense's discovery violation). Likewise, we see no reason why this court on plenary appeal would be unable to conduct a meaningful review of the order striking Dr. Glatzer, and reverse if deemed erroneous.