JORGENSON, Judge.
The petitioner, the defendant below, seeks certiorari review of an order striking an independent medical examiner, Dr. Glatzer, for failing to produce nonexistent documents. The trial court ordered Dr. Glatzer to produce the documents three times, and each time Dr. Glatzer responded that he did not keep such records. The trial court then struck Dr. Glatzer as a witness. Petitioner seeks certiorari review of the order striking Dr. Glatzer, arguing that the underlying orders [1] compelling him to produce nonexistent documents were an abuse of discretion. We deny the petition.
The writ of certiorari is reserved for those situations where the order re-suits in a material injury which cannot be corrected on appeal and departs from the essential requirements of the law. See, e.g., Riano v. Heritage Corp. of South Florida, 665 So.2d 1142, 1143-1145 (Fla. 3d DCA 1996) (denying certiorari review of order precluding testimony of insurance coverage). “The first two factors are jurisdictional, and an assessment of jurisdiction must be made prior to reaching the third.” Beekie v. Morgan, 751 So.2d 694, 698 n. 4 (Fla. 5th DCA 2000); see also Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998) (“[I]t is settled law that, as a condition precedent to invoking a district court’s certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal.”).
The petitioner has failed to demonstrate that he will suffer irreparable harm if the interlocutory order striking Dr. Glatzer is permitted to stand. In Ri-ano, this court noted that:
“[i]n criminal cases involving lower court orders precluding certain testimony or evidence at trial, the state is often able to show irreparable injury because it does not have the right to appeal from the final judgment. However, in civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal.”
665 So.2d at 1145. The possibility of having to try a.case twice does not constitute irreparable harm. See Jaye, 720 So.2d at 215; Riano, 665 So.2d at 1144-1145. Petitioner makes no argument, or even an allegation, that he was irreparably harmed by the order striking Dr. Glatzer, or that *1026 any harm cannot be remedied on appeal.[2] Accordingly, we lack jurisdiction to review the order striking Dr. Glatzer.
The dissent mistakenly relies on cases holding that “[i]n circumstances involving the denial of the right to take testimony of an alleged material witness, ... such a denial cannot be remedied on appeal since ‘there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.’ ” Medero v. Florida Power & Light Co., 658 So.2d 566 (Fla. 3d DCA 1995) (quoting Travelers Indemnity Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980)) (emphasis added); see also Life-mark Hospitals of Florida, Inc. v. Hernandez, 748 So.2d 378, 379 (Fla. 3d DCA 2000) (granting certiorari and quashing order prohibiting the deposition of a medical expert where the expert’s “testimony is material to the central issue in this case.”); Sabol v. Bennett, 672 So.2d 93 (Fla. 3d DCA 1996); Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992). A material witness is one who possesses information “going to some fact affecting the merits of the cause and about which no other witness might testify.” Wingate v. Mach, 117 Fla. 104, 157 So. 421, 422 (1934) (emphasis added); see also State ex rel. Slora v. Wessel, 403 So.2d 496 (Fla. 4th DCA 1981) (Hurley, J., concurring specially). As the petitioner has not even alleged that Dr. Glatzer is a material witness, the cases cited by the dissent are inapposite.[3]
Our denial of the petition is expressly without prejudice to the trial court’s reconsideration of its ruling. See Pascual v. Dozier, 771 So.2d 552, 554 (Fla. 3d DCA 2000) (“The exclusion of the testimony of expert witnesses must be carefully considered and sparingly done.”); Allstate Ins. Co. v. Mazzorana, 731 So.2d 38, 39 (Fla. 4th DCA 1999) (“Absent a prior finding that [the medical expert] was in contempt or that he violated some other court order regarding this discovery, we hold it was an abuse of discretion for the trial court to exclude him from testifying at trial.”); Cooper v. Lewis, 719 So.2d 944, 945 (Fla. 5th DCA 1998) (reversing the striking of defense’s expert witness under Elkins v. Syken, 672 So.2d 517 (Fla.1996) where the trial court did not first find the witness in contempt or in violation of “an appropriate court order”) (emphasis added); see also Consortium for Diagnostics, Inc. v. Cigna Ins. Co., 781 So.2d 1128 (Fla. 3d DCA 2001) (holding that an interlocutory ruling is subject to reconsideration at any time prior to entry of a final ruling).
Petition denied.
GREEN, J., concurs.

. The petition is devoted almost entirely to the merits of the underlying orders compelling Dr. Glatzer to produce nonexistent documents. We are without jurisdiction to review the discovery orders, however, because the petitioner did not timely seek review of them. See Fla. R.App. P. 9.100(c).

. Instead, the petitioner argues that the underlying discovery orders caused irreparable harm. As stated in footnote 1, the petitioner ■ did not seek timely review of those orders.

. In cases where the exclusion of a non-material witness was reviewed on plenary appeal, there was simply no need for the appellate court to determine what the testimony would have been or how it would have affected the result. Such a determination would have been irrelevant to the issue of whether the court erred in striking the expert. See, e.g., Cooper v. Lewis, 719 So.2d 944 (Fla. 5th DCA 1998) (reversing and remanding for new trial after the trial court improperly struck defense expert from the witness list for a discovery violation); Allstate Ins. Co. v. Mazzorana, 731 So.2d 38 (Fla. 4th DCA 1999) (same); cf. Hernandez v. State, 572 So.2d 969 (Fla. 3d DCA 1990) (reversing conviction where the trial court improperly excluded a witness as a sanction for the defense’s discovery violation). Likewise, we see no reason why this court on plenary appeal would be unable to conduct a meaningful review of the order striking Dr. Glatzer, and reverse if deemed erroneous.