RAMIREZ, J.
(dissenting)
I respectfully dissent from our decision denying the petition for certiorari because *1027 I disagree that the petitioner failed to demonstrate irreparable harm.
The plaintiff issued a subpoena duces tecum for deposition to the records custodian for Dr. Richard Glatzer, requesting “a list of all eases for which you [Dr. Glatzer] have worked in the years 1998, 1999, 2000, and 2001 up until the date of this subpoena, indicating for each case, whether you were hired by the Plaintiff or by the Defendant in that case, and further list by name[,] address, file number and case number, each case in which you were hired- or retained in any capacity by the Defendant’s attorneys Hightower & Rudd, P.A., during the same period.” Additionally, the plaintiff requested “a list of all cases, by parties and case number, for the years 1998, 1999, 2000, and 2001, in which you have testified by deposition or at trial.” The defendant moved for a protective order, which the trial court granted in part and denied in part, ordering production of the documents subpoenaed for the year 2000.
Dr. Glatzer filed an affidavit explaining that he did not keep a list of cases that indicated whether a plaintiff or defendant retained him, nor a list indicating which cases involved Hightower- & Rudd, nor a list of cases in which he had testified by deposition or at trial. After the plaintiff moved to strike Dr. Glatzer, the court ordered more complete answers within 10 days. When these were not forthcoming, the court struck Dr. Glatzer.
It is clear that the discovery order departed from the essential requirements of law. See Olivas v. Bravo, 795 So.2d 103, 103-104 (Fla. 3d DCA 2001) (“We quash the order under review, which improperly requires the defendants’ liability insurance carrier and their attorneys to produce information relating to a frequently employed independent medical examiner which was not only overly burdensome and irrelevant but is reflected in records which do not exist and which the company was erroneously required to create.”).
It is equally clear that if the defendant had petitioned for a writ of certiorari when the trial court first ordered the creation of these burdensome, irrelevant, and non-existent lists, we would have readily granted it. See id. (citing LeJeune v. Aikin, 624 So.2d 788 (Fla. 3d DCA 1993); Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla.1999); and Syken v. Elkins, 644 So.2d 539 (Fla. 3d DCA 1994)). See also Mount Sinai Med. Ctr. of Fla., Inc. v. Lakhani, 775 So.2d 1011 (Fla. 3d DCA 2001) (granting certiorari and quashing an order directing an expert witness to disclose the amount of money she earns from an expert witness service); State Farm Mut. Auto. Ins. Co. v. Adair, 722 So.2d 958 (Fla. 3d DCA 1998)(quashing a discovery order compelling the insurance carrier to produce an affidavit setting forth the amount paid to its expert physician for medical exams and treatment in other cases for the past three years). See also Carrera v. Casas, 695 So.2d 763 (Fla. 3d DCA 1997), disapproved on other. grounds, Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla.1999); Fortune Ins. Co. v. Santelli, 621 So.2d 546, 547 (Fla. 3d DCA 1993).
1 In Vega v. CSCS International, N.V., 795 So.2d 164 (Fla. 3d DCA 2001), we granted certiorari where the trial court struck the plaintiffs treating physician because he performed back surgery before the defendant could provide Vega with a second opinion as to whether or not the surgery was necessary. Although the issue of irreparable harm was not discussed, there is ample support in the case law for granting certiorari when a material witness is stricken. Lifemark Hospitals of Florida, Inc. v. Hernandez, 748 So.2d 378, 380 (Fla. 3d DCA 2000) (granting certiora-ri where the testimony was material to the *1028 central issue in the case). In Sabol v. Bennett, 672 So.2d 93, 94 (Fla. 3d DCA 1996), we stated that “an order which has the effect of denying a party the right to depose an alleged material witness inflicts the type of harm that cannot be corrected on appeal since ‘there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.’ ” Likewise, in orn-ease, there will be no practical way to evaluate Dr. Glatzer’s testimony on appeal.
In Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999), the supreme court recognized that there are two types of discovery orders renewable by certiorari. One is the “cat out of the bag” type of discovery order. The other is an order which “departs from the essential requirements of law, and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.” It would seem axiomatic that an order which strikes a material witness is of this latter type.
In our case, the expert witness failed to comply with an order which was clearly erroneous. The majority would deny relief because the petitioner can no longer demonstrate irreparable harm. The plaintiff has suggested that the defendant can simply hire a different doctor to perform another orthopedic medical examination. According to the plaintiff, there is no harm in a delay of a few more months as Dr. Glatzer’s examination did not occur until twenty-seven months after the initial injury. The plaintiff therefore contends that testimony concerning a new examination conducted -four years after the accident is an adequate substitute for Dr. Glatzer’s testimony.
This argument ignores the fact that the defendant must now pay for an additional evaluation if he wishes to have an orthopedic surgeon testify at trial. Moreover, there is nothing to prevent the plaintiff from requesting that this new expert compile the same lists of cases, or the trial court from ordering such a compilation or risk being stricken.
Additionally, the defendant could be left without a remedy after trial. If the defendant hires a new expert who testifies at trial, he may not be able to appeal the striking of his initial expert, as he may be deemed to have waived the argument. The plaintiff could also argue that striking the expert was harmless error as the defendant was able to present the testimony of its new orthopedic expert.
For these reasons, I would grant certio-rari review and quash the order striking Dr. Glatzer.