SALTER, J.
 

 Nationwide Mutual Fire Insurance Company seeks a writ of certiorari quashing a circuit court order denying a motion for judgment on the pleadings. The underlying complaint by the respondent, Ms. Garrity, sought recovery under a $50,000 uninsured motorists endorsement for bodi
 
 *238
 
 ly injuries sustained in a single-vehicle automobile accident in which she was the passenger and Nationwide’s insured was the driver. Ms. Garrity had already received from Nationwide the full policy limit ($100,000) under the liability provisions of the policy.
 

 The pertinent clause in the uninsured motorists endorsement in the policy is not ambiguous. It states:
 

 We will not consider as an uninsured motor vehicle: ... (d) any motor vehicle owned by, or furnished for the regular use of [the insured] or a relative; nor (e) any motor vehicle insured under the liability coverage of this policy unless your auto is being operated by a non-family member causing bodily injury to you or a relative.
 

 On the face of the pleadings, it was undisputed that the vehicle in the accident was owned by the insured, that it was insured under the liability coverage of the policy, and that the vehicle was operated by the insured, causing injury to a person who was not a named insured or a relative of a named insured. Here, as in
 
 Travelers Insurance Company v. Warren,
 
 678 So.2d 324 (Fla.1996), the respondent may not obtain a further recovery under the uninsured motorists endorsement and the existing pleadings.
 

 We must nevertheless deny the petition, as Nationwide has not established the irreparable harm that is a requisite element of such an application. The prospect that Nationwide may be put to the expense and inconvenience of a trial does not satisfy this element.
 
 Riano v. Heritage Corp. of S. Fla.,
 
 665 So.2d 1142, 1145 (Fla. 3d DCA 1996). Any misinterpretation or misapplication of the policy provisions in a final judgment in the case can be remedied in a plenary appeal.
 

 Nor may we treat the trial court’s order as a judgment determining the existence or nonexistence of insurance coverage and appealable under Florida Rule of Appellate Procedure 9.110(m). That provision requires an explicit ruling on coverage in a case in which a claim has been made against the insured. Here, the respondent’s claim was only asserted against the insurer, not the insured.
 
 See USAA Cas. Ins. Co. v. Jones,
 
 946 So.2d 1127 (Fla. 1st DCA 2006).
 

 Petition denied.