# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1689
Lower Tribunal No. 21-7895-CA-01
_____

**Baptist Hospital of Miami, Inc.,**
Petitioner,

vs.

**Yvonne Llauro, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Falk, Waas, Solomon, Mendlestein & Davis, P.A., and Scott E. Solomon, and Jessica M. Hernandez, for petitioner.

Dickman, Epelbaum & Dickman, and Robert J. Dickman, Jr.; Lauri Waldman Ross, P.A., and Lauri Waldman Ross, for respondents.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Petitioner/Defendant, Baptist Hospital of Miami, Inc., petitions this Court for a writ of certiorari to review a nonfinal order entitled Order Granting Plaintiffs' Motion to Strike and Exclude Evidence.

To grant a petition for writ of certiorari, a petitioner must establish: "(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law." Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)).

"[I]n civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal." Riano v. Heritage Corp. of S. Fla., 665 So. 2d 1142, 1145 (Fla. 3d DCA 1996). The exclusion of Baptist's proffered evidence, if erroneous, can be remedied on appeal after the trial court issues a final judgment. Further, the evidence at issue was proffered sufficient to properly preserve Baptist's objection for appellate review. Accordingly, there is no irreparable harm. Thus, we are compelled to dismiss the instant petition.

Petition dismissed.